FRIDAY ET AL.; PRE-FAB TRANSIT COMPANY, APPELLANT, *v.* RICE, APPELLEE.

(No. 87AP-364—Decided September 24, 1987.)

*Squire, Sanders & Dempsey, David W. Alexander* and *Jennifer L. O'Connor,* for appellant.

*Hamilton, Kramer, Myers &*

*Cheek, William L. Geary* and *David W. Pryor,* for appellee Richard S. Rice.

BRYANT, J. Plaintiff-intervenor-appellant, Pre-Fab Transit Company, appeals from an order of the trial court assessing the expense of playing a videotaped deposition at trial as court costs to be paid by plaintiff.

During the course of the trial of this matter, defendant sought to play a portion of the videotaped deposition of one of plaintiff's witnesses, but the court played the entire videotaped deposition. Defendant prevailed at trial, as evidenced by a judgment entry of July 3, 1986. Thereafter, on January 15, 1987, defendant filed a motion with the trial court requesting that the court assess to plaintiff the costs of playing the videotaped deposition during the trial. The trial court granted defendant's motion, and the plaintiff appeals setting forth one assignment of error:

"The trial court erred by ordering the Clerk of Franklin County Common Pleas Court to include the expense of playing a videotape deposition at trial as court costs."

Rule 12 of the Supreme Court Rules of Superintendence for Courts of Common Pleas sets forth the parameters for videotaped testimony in evidence in the common pleas courts. Section (D) discusses the costs of videotaped proceedings and, in particular, C.P. Sup. R. 12(D)(1) sets forth the rules governing the expense of videotaped depositions. C.P. Sup. R. 12(D)(1)(c) states: "The expense of playing the videotape recording at trial shall be borne by the court." Given the clear and unambiguous language of C.P. Sup. R. 12(D)(1)(c), we must conclude that the trial court properly should have assessed the costs of playing the videotaped deposition not to plaintiff, but to the court itself. Nonetheless, defendant contends that C.P.

Sup. R. 12(D)(1)(c) contradicts Civ. R. 54(D), and therefore must yield to the language of Civ. R. 54(D) which grants discretion to the trial judge to assess the costs as he or she may deem reasonable. Given the general language of Civ. R. 54(D) and the very specific language of the Rule of Superintendence, we fail to see a conflict between the two.

In the final analysis, we find that C.P. Sup. R. 12(D)(1)(c) governs the assessment of costs of playing the videotape during the course of trial. See *Coley* v. *Knox* (Mar. 28, 1986), Lucas App. No. L-85-148, unreported.

See, also, *Semenas* v. *Republic Steel Corp.* (1985), 29 Ohio App. 3d 237, 29 OBR 283, 504 N.E. 2d 1182. Hence, in accordance with the rule, the trial court properly should have assessed the costs of playing the videotaped deposition to the court.

Accordingly, we reverse the judgment of the trial court and remand this cause for entry of judgment in accordance herewith.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH, P.J., and BOWMAN, J., concur.