FRIED et al., Appellants,

v.

TEFFT et al., Appellees.

[Cite as *Fried v. Tefft* (1996), 116 Ohio App.3d 343.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70661.

Decided Dec. 30, 1996.

---

*Murray & Murray Co., Michael T. Murray* and *William H. Bartle,* for appellants.

*Arter & Hadden* and *Kris H. Treu,* for appellees.

---

PATRICIA ANN BLACKMON, Judge.

Plaintiffs-appellants, Larry C. and Patricia Fried, appeal a decision from the trial court denying their motion for payment of fees associated with the playback of a videotaped deposition at the trial of their malpractice action against defendants-appellees, Dr. Melvin Tefft, Dr. Patrick Higgins, Dr. Gene Barnett,

Cleveland Clinic Foundation, and Siemans Corporation. The Frieds assign the following error for our review:

"The trial court erred in denying plaintiffs' motion to have the court pay the expense of playing videotaped testimony at trial."

After reviewing the record and the arguments of the parties, we reverse the decision of the trial court. The apposite facts follow.

The Frieds filed a malpractice action against several doctors and the Cleveland Clinic. In their pretrial statement, the Frieds notified the trial court that they would need equipment for presenting videotaped trial testimony. As part of their case, the Frieds presented the videotaped deposition testimony of several physicians. At the end of the trial, the jury returned a verdict in favor of the defendants. Costs were assessed to the plaintiffs. However, the Frieds filed a motion under C.P.Sup.R. 12(D) asking the trial court to pay the costs of the videotaped playbacks. The trial court denied the motion. This appeal followed.

The Ohio Supreme Court has recognized that videotaped depositions are governed by C.P.Sup.R. 12(D). *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 645, 646 N.E.2d 830, 833. See, also, *Friday v. Rice* (1987), 38 Ohio App.3d 113, 114, 526 N.E.2d 1102, 1103. Under C.P.Sup.R. 12(D)(1)(c), the expense of playing a videotape deposition at trial shall be borne by the court. See *Semenas v. Republic Steel Corp.* (1985), 29 Ohio App.3d 237, 238, 29 OBR 283, 283–284, 504 N.E.2d 1182, 1183; *Siders v. Reynoldsburg School Dist.* (1994), 99 Ohio App.3d 173, 198, 650 N.E.2d 150, 166.

In *Friday,* the court ruled that the expense of playing a videotaped deposition at trial could not be assessed as court costs to be paid by the plaintiff:

"Rule 12 of the Supreme Court Rules of Superintendence for Courts of Common Pleas sets forth the parameters for videotaped testimony in evidence in the common pleas courts. Section (D) discusses the costs of videotaped proceedings and, in particular, C.P.Sup.R. 12(D)(1)(c) states: 'The expense of playing the videotape recording at trial shall be borne by the court.' Given the clear and unambiguous language of C.P.Sup.R. 12(D)(1)(c), we must conclude that the trial court properly should have assessed the costs of playing the videotaped deposition not to plaintiff, but to the court itself." *Friday* at 113, 526 N.E.2d at 1103.

We find that C.P.Sup.R. 12(D)(1)(c) applies to the videotaped depositions in this case. Accordingly, we sustain the Frieds' assignment of error and reverse the judgment of the trial court.

*Judgment reversed.*

JAMES D. SWEENEY, P.J., and KARPINSKI, J., concur.