BENDA, APPELLEE, *v.* FANA, APPELLANT.

[Cite as Benda v. Fana, 10 Ohio St. 2d 259.]

(No. 40452—Decided June 7, 1967.)

260

*Messrs. Sieman, Sieman & Sieman,* for appellee.
*Mr. Arthur J. Stern,* for appellant.

MATTHIAS, J. The cause presently before this court raises questions as to the meaning of Section 2311.17, Revised Code (offer out of court to allow judgment), and Section 2311.18, Revised Code (offer in court to confess judgment). These sections are somewhat analogous and to avoid ambiguity should be set out in full.

Section 2311.17, Revised Code:

''The defendant in an action for the recovery of money only, at any time before the trial, may serve upon the plaintiff, or his attorney, an offer in writing to allow judgment to be taken against him, for the sum specified therein. If the plaintiff accepts the offer, and gives notice thereof to the defendant, or his attorney, within five days after service of it, the offer, and an affidavit that the notice of acceptance was delivered in the

time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit. In either case the offer and acceptance shall be noted in the journal, and judgment rendered accordingly. When the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn; and if the plaintiff fails to obtain judgment for more than was offered by the defendant, he must pay the defendant's costs from the time of the offer.''

Section 2311.18, Revised Code:

''In an action for the recovery of money, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action. If, being present, the plaintiff refuses to accept such confession, in full of his demands against the defendant, or having had such notice that the offer would be made, of its amount, and the time of making it, as the court deems reasonable, he fails to attend, and on the trial does not recover more than was so offered to be confessed, with interest thereon from the date of the offer, he must pay all costs of the defendant incurred after the offer was made.''

The trial court interpreted these sections to allow a defendant who has tendered an out-of-court offer to allow judgment pursuant to Section 2311.17, Revised Code, and an offer in court to confess judgment pursuant to Section 2311.18, Revised Code, to recover from plaintiff (who at trial did not recover more than was offered) the full expense of professional medical services rendered by his doctors as well as the fees charged by them for their expert professional testimony.

The Court of Appeals modified this judgment by deducting those items which accrued after the ''offer out of court to allow judgment was withdrawn by operation of law,'' and before the offer was renewed at trial. In so doing it followed its recent case of *Terry* v. *Burger,* 6 Ohio App. 2d 53.

Therefore two specific questions are at issue:* (1) Do the provisions of Section 2311.17, Revised Code (*i. e.,* ''when the notice of acceptance is not given in the period limited, the offer

---

*We dismiss summarily the contention of plaintiff that the statutes in question are unconstitutional.

shall be deemed withdrawn''), nullify the subsequent provision that plaintiff must pay defendant's costs from the time of the offer if he does not accept and later fails to receive judgment for more than the offer; and (2) what is the precise nature of the "costs" of defendant that plaintiff must pay under the two sections, if, after declining offers to allow judgment and to confess judgment, he fails to win a verdict that exceeds such offers.

The first question can be disposed of by a careful reading of Section 2311.17, Revised Code. The purpose of the statute is the termination of litigation where a defendant tenders to a plaintiff a fair offer to allow judgment. If the plaintiff accepts such offer within five days and such acceptance is filed with the court in the prescribed manner, the matter is at an end. The crux of the situation is that plaintiff must accept within five days or the offer is deemed withdrawn by operation of law. Can it now be said that defendant must renew the offer continuously every five days in order that he may recover his intervening costs should the plaintiff fail to recover judgment for more than was offered? We think not. Therefore, we hold that the part of Section 2311.17, Revised Code, that provides "if the plaintiff fails to obtain judgment for more than was offered by the defendant, he must pay the defendant's costs from the time of the offer," becomes operative at the time the offer of a defendant is rejected or is withdrawn by operation of law. To hold otherwise would in effect nullify a vital part of the statute in question.

The second question concerns a determination of what costs a plaintiff must bear should he reject a defendant's offer and then fail to recover a judgment for more than was offered. In other words, do the costs imposed on such a plaintiff include the entire expense of litigation imposed on a defendant, or do they include just those costs specifically imposed by statute?

"Costs were unknown at common law. They are authorized only by statute. * * *" Euclid v. Vogelin, 152 Ohio St. 538, 544, and paragraph two of the syllabus thereof. Thus, "[c]osts, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action or prosecution and which the statutes authorize to be taxed and included

in the judgment or sentence. \* \* \* They are allowed only by authority of statute \* \* \*." *State, ex rel. Commrs. of Franklin County,* v. *Guilbert, Aud.,* 77 Ohio St. 333, 338.

The costs that may be fixed and taxed in a civil action in Ohio are specifically set out in the Revised Code. The provisions of Sections 2311.17 and 2311.18, Revised Code, allowing costs, while worded somewhat differently, nevertheless refer to those costs that are fixed and taxable according to statute. They do not include expenses of litigation that are not specifically provided for by statute. Thus, "costs" are not synonymous with expenses unless expressly made so by statute. See Section 163.21, Revised Code. To hold otherwise would not only encourage a strategic use of settlement offers which would hinder the obvious intent of the statute (*i. e.,* termination of litigation) but also often result in absurd situations where a plaintiff might be faced with the burden of paying exorbitant professional witness fees which may very well exceed the amount of the verdict itself. See the dissenting opinion in *Terry* v. *Burger, supra,* wherein Judge Corrigan, of the Court of Appeals for Cuyahoga County, correctly assessed this difficult problem.

Therefore we hold that "the defendant's costs from the time of the offer," as provided for in Section 2311.17, Revised Code, and "all costs of the defendant incurred after the offer was made," as provided for in Section 2311.18, Revised Code, are synonymous. They refer to the costs which shall be fixed and taxed according to statute and not to the expenses of litigation incurred by a defendant.

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court for a reassessment of the statutory costs to be borne by plaintiff herein.

*Judgment reversed and cause remanded.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.