[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 642.]

THE STATE EX REL. WILLIAMS, APPELLANT, *v.* COLASURD ET AL., APPELLEES.

[Cite as *State ex rel. Williams v. Colasurd*, 1995-Ohio-236.]

*Workers' compensation—Reimbursability of expenditures of appeal to court of common pleas from denial of claim by Industrial Commission.*

(No. 93-2151—Submitted January 10, 1995—Decided March 29, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-308.

———————————

{¶ 1} Appellant-claimant, Ervin Williams, Jr., was injured in the course of and arising from his employment with appellee, Greater Cleveland Regional Transit Authority. His workers' compensation claim has since been allowed for "lumbar muscular strain." In 1987, claimant moved to have his workers' compensation claim additionally allowed for "herniated disc L3-4, L4-5." His request was denied by appellee Industrial Commission.

{¶ 2} Claimant appealed to the Cuyahoga County Common Pleas Court pursuant to former R.C. 4123.519. A jury trial followed and judgment was entered in favor of his employer.

{¶ 3} Claimant's counsel sought reimbursement from the commission for the following:

(1) Expert witness fee of Dr. Russell Elmer—$1,550;

(2) Court reporter for deposition of Dr. Elmer—$683.10;

(3) Videotape of Dr. Elmer—$391.50;

(4) Playback in court of video deposition of Dr. Elmer—$150;

(5) Copy of transcript of deposition of Dr. Robert Corn, RTA's expert witness—$181.30;

(6) Court costs taxed to claimant—$279.60.

**{¶ 4}** The commission authorized reimbursement for Dr. Elmer's court reporter fee ($683.10) and the cost of transcribing Dr. Corn's deposition ($181.30).

**{¶ 5}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, seeking to compel payment of the balance of his expenses. The appellate court denied the writ.

**{¶ 6}** The cause is now before this court upon an appeal as of right.

―――――――――――

*Shapiro, Kendis & Assoc. Co., L.P.A.*, and *Alan J. Shapiro*; and *Donald E. Lampert*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellees Industrial Commission of Ohio and Bureau of Workers' Compensation.

―――――――――――

**Per Curiam.**

**{¶ 7}** Former R.C. 4123.519(C) read:

"* * * The cost of the deposition filed in court and of copies of the deposition for each party shall be paid for by the bureau of workers' compensation from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. * * *"[1] 143 Ohio Laws, Part II, 3355.

**{¶ 8}** Costs of the deposition are payable to a claimant regardless of litigation success. *Akers v. Serv-A-Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, syllabus. At issue are the items that fall within the phrase "cost of the deposition." Claimant's position rests largely on the misperception that "expenses" and "costs" are synonymous. They are not. "'[C]osts' are not synonymous with expenses unless expressly made so by statute." *Benda v. Fana*

―――――――――――

1. The quoted provision, though reworded, is now found in R.C. 4123.512(D).

(1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201. See, also, *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O. 3d 88, 430 N.E.2d 925; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666 ("the subject of costs is one entirely of statutory allowance and control"). Given former R.C. 4123.519(C)'s language, or lack thereof, claimant must overcome a major hurdle in establishing the reimbursability of expenditures sought. Upon review, we find that claimant does not establish an entitlement to further repayment.

*Videotape testimony*

{¶ 9} Dr. Elmer's deposition was preserved in both stenographic and videotape forms. Commission policy permits reimbursement for only one. The commission argues that reimbursement for both improperly imposes on the Surplus Fund. The appellate court agreed, writing:

"* * * It would be unreasonable to hold that there is any requirement obligating the commission to reimburse for multiple forms of deposition. It is prudent for the commission to use what discretion it has to limit surplus fund spending in a reasonable manner."

{¶ 10} This result was also suggested in *State ex rel. Hakos v. Colasurd* (Dec. 28, 1993), Franklin App. No. 92AP-1151, unreported, at 5, 1993 WL 540288, where the court pointed out that "a claimant initially has the option of using a written deposition or videotape. The costs of one of these forms of deposition is reimbursable."

{¶ 11} We recognize that the Court of Appeals for Lawrence County reached a different conclusion in *Clark v. Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 153, 623 N.E.2d 640. However, given the principle that an expense is not a "cost" unless expressly made so by statute, we favor the reasoning employed by the Franklin County Court of Appeals; because former R.C. 4123.519(C) did not

authorize payment for multiple forms of deposition testimony, reimbursement should not be permitted.

**{¶ 12}** Claimant also argues that the liberal construction mandate of R.C. 4123.95 dictates dual payment. A liberal construction directive, however, does not empower us to read into a statute something that cannot reasonably be implied from the statute's language. *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, paragraph two of the syllabus. Dual payment was, therefore, properly denied.

*Expert witness fee*

**{¶ 13}** Absent statutory directive, an expert witness fee is not a "cost." *In re Election of November 6, 1990 for the Office of Atty. Gen. of Ohio* (1991), 62 Ohio St.3d 1, 577 N.E.2d 343. See, also, *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 21 OBR 228, 487 N.E.2d 347.

**{¶ 14}** Former R.C. 4123.519 did not contain the necessary directive. In *Perry v. Connor* (1983), 8 Ohio App. 3d 283, 8 OBR 376, 456 N.E.2d 1340, syllabus, the Franklin County Court of Appeals denied expert witness reimbursement under former R.C. 4123.519(C), writing:

"The 'cost of the deposition,' as that phrase is used in R.C. 4123.519, includes only the stenographic costs, which include the cost of the court reporter attending the deposition and the fee for producing the original and copies that are required, but does not include the cost of the physician's fee."

**{¶ 15}** The court reasoned:

"* * * To encourage the production of testimony by deposition, R.C. 4123.519 is calculated to relieve claimant from additional charges that are required when testimony is presented by deposition, rather than by a witness in court. Hence, the term 'cost of the deposition' is properly interpreted to mean only costs which are added because a deposition is used. The physician's fee is applicable in either event."

4

**{¶ 16}** *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, does not dictate a contrary result. *Moore* defined the issue before it as "whether the 'cost of the deposition,' recoverable by a claimant whose right to participate or to continue to participate in the State Insurance Fund is sustained or established * * * allows * * * recovery for the fee charged by an expert for preparing and giving the deposition." *Id.* at 260, 18 OBR at 315, 480 N.E.2d at 1102.

**{¶ 17}** This is not the question, however, that *Moore* answered. The majority instead wrote at the syllabus:

"Pursuant to R.C. 4123.519, a common pleas court may tax to the employer the costs of an expert's witness fee [for] preparing and giving his deposition as a 'cost of any legal proceedings authorized by this section.'"

**{¶ 18}** While *Moore* set out to decide the question under an earlier version of R.C. 4123.519(C), it actually answered it under R.C. 4123.519(E). *Moore* apparently treated Sections (C) and (E) interchangeably—an error alluded to in *Akers*, *supra*, 31 Ohio St.3d at 79, 31 OBR at 191-192, 508 N.E.2d at 965, fn. 1. *Moore*, therefore, does not authorize expert fee reimbursement under former R.C. 4123.519(C). Recovery under former R.C. 4123.519(E), moreover, is impossible, since repayment under that subsection hinges on a claimant's successful establishment of a right to participate for the condition at issue. Since the claimant in the instant case did not prevail, *Moore* does not control.

*Video replay*

**{¶ 19}** This is not a recoverable "cost of the deposition" according to *Hakos*, *supra*:

"* * * Since R.C. 4123.519 does not specifically mandate that the cost of playing a videotaped deposition be included as surplus fund payment for the cost of a deposition, this court cannot read into the statute additional wording or expand the scope of the statute beyond its literal meaning." *Id.* at 5.

**{¶ 20}** Further reinforcing this position is *Gold*, *supra*, 21 Ohio App.3d 214, 21 OBR 228, 487 N.E.2d 347, which suggested that regardless of the character of litigation, videotape depositions are governed by C.P. Sup. R. 12(D). Section (D)(1) sets forth various expenses associated with videotape depositions and specifies by whom the costs are to be assumed. Section (D)(1)(c) provides that "[t]he expense of playing the videotape recording at trial shall be borne by the court." As such, reimbursement to claimant is inappropriate.

**{¶ 21}** Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.

———————————