GEORGE, Appellee,

v.

ADMINISTRATOR, OHIO BUREAU OF WORKERS'
COMPENSATION et al., Appellants.

[Cite as *George v. Ohio Bur. of Workers' Comp.* (1997), 120 Ohio App.3d 106.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16081.

Decided Jan. 24, 1997.

*Deborah J. Adler,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Steven P. Fixler,* Assistant Attorney General, for appellants.

---

FAIN, Judge.

The narrow issue in this appeal is whether workers' compensation claimant who prevails in an appeal to a common pleas court may recover both the

stenographic and videographic expenses of a videotaped deposition of a physician. Although the issue is not free from difficulty, we conclude that the claimant is entitled to recover, at the claimant's election, either of the two expenses, but not both. Accordingly, we conclude that the trial court erred when it ordered the payment of both costs. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

## I

Plaintiff-appellee, William George, was receiving workers' compensation benefits for a 1991 injury. In 1993, he filed a motion with the Bureau of Workers' Compensation to amend his claim to include additional conditions, additional medical bills, and additional compensation. When the amendment of his claim was denied administratively, George appealed to the Montgomery County Common Pleas Court.

George prevailed in the trial court on his claim. Defendant-appellant, Administrator, Bureau of Workers' Compensation, does not appeal from the allowance of George's claim. In its final order, the trial court ordered both the stenographic and videographic costs of the videotaped deposition of George's expert, Ronald Moser, M.D., to be paid from the Surplus Fund. It is from that order that the administrator appeals.

## II

The administrator's sole assignment of error is as follows:

"The trial court erred when it ordered the bureau of workers' compensation to pay both the stenographic and videographic expenses."

The administrator relies upon *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 646 N.E.2d 830, for the proposition that although a claimant is entitled to be reimbursed for either the reasonable stenographic or the reasonable videographic expenses of a videotaped deposition, he may not be reimbursed for both of these expenses. We have reviewed the opinion of the Supreme Court in *Colasurd, supra,* and we are satisfied that it does so hold, construing a provision in R.C. 4123.519(C), which, although reworded, is indistinguishable from the following provision, now found in R.C. 4123.512(D):

"The bureau of workers' compensation shall pay the cost of the deposition [of any physician] filed in court and of copies of the deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal."

George attempts to distinguish *Colasurd, supra,* upon the grounds that the claimant in that case had not prevailed on the merits of his claim in the trial court. However, as noted, in the Supreme Court's opinion, "[c]osts of the deposition are payable to a claimant regardless of litigation success." *Id.* at 643, 646 N.E.2d 830, 646 N.E.2d at 832. In other words, the costs of the deposition are reimbursable to the claimant regardless of litigation success, but they will only be charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal.

Because, as the Supreme Court noted, costs of the deposition are payable to a claimant regardless of litigation success, we conclude that the case before us may not be distinguished upon the grounds that George, unlike the claimant in *Colasurd,* prevailed on the merits of his claim.

At oral argument, George's counsel directed us to that part of the opinion in *Colasurd* found at 645, 646 N.E.2d at 833, in which the court discussed *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101. According to George, the Supreme Court distinguished the result in *Moore* because in that case, unlike in *Colasurd,* the claimant had prevailed. George contends that his case is like *Moore,* because he, like the plaintiff in *Moore,* prevailed on the merits of his claim.

We are not persuaded by George's reliance upon *Moore. Moore* was concerned with the recovery of an expert witness fee, which it had found to be a more general cost of the litigation rather than "a cost of the deposition" recoverable under former R.C. 4123.519 (now R.C. 4123.512[D] ). In *Colasurd, Moore* was discussed in connection with the recovery of an expert witness fee, not the recovery of the videographic and stenographic costs of a videotaped deposition, which was a distinct part of the opinion in *Colasurd.*

George argues that although an *unsuccessful* claimant who relies upon 4123.512(D) may recover only the videographic or stenographic costs of a videotaped deposition of a physician, but not both, a *successful* claimant may rely upon R.C. 4123.512(F), which provides for the recovery of costs generally, and recover both the videographic and stenographic costs of the videotaped deposition. We disagree. Based upon our reading of *Colasurd,* we conclude that the recovery of the costs of taking a videotaped deposition of a physician is a special case covered specifically by R.C. 4123.512(D). The more general statutory provision, R.C. 4123.512(F) does not control the recovery of the costs of taking a videotaped deposition of a physician.

George also argues that because he is required by Montgomery County Loc.R. 1.27(1) to file a written transcript within a videotaped deposition, he should be permitted to recover both his stenographic and videographic expenses. This

presents a close question, since there is no indication that the claimant in *Colasurd* was subject to a similar local rule of court.

However, as the Supreme Court held in *Colasurd*, " ' "costs" are not synonymous with expenses unless expressly made so by statute.' " 71 Ohio St.3d at 643, 646 N.E.2d at 832, quoting *Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201. Thus, the mere fact that the costs of preparing a transcript was an expense required by local rule does not necessarily mean that it is a "cost" that may be recovered under the statute.

Furthermore, George was not required to submit a videotaped deposition. He could have offered the transcript of the deposition. We recognize that the testimony of experts, especially in fields as complex as medicine, is often far more comprehensible and effective when it is presented live or in a videotaped format. Our own experience confirms that this is so. However, George was not legally required to offer the testimony of his doctor in a videotaped format, and, as the Supreme Court held in *Colasurd*, not every expense, no matter how reasonably incurred, is a recoverable cost under the statute.

Although the issue is close, we agree with the administrator that George may recover either the stenographic expense or his physician's deposition, or the videographic expense, but not both.

The administrator's sole assignment of error is sustained.

## III

The administrator's sole assignment of error having been sustained, the order of the trial court permitting the recovery of both stenographic and videographic deposition expenses is reversed, and this cause is remanded for reconsideration of the award of costs. In all other respects, the judgment of the trial court is affirmed.

*Judgment accordingly.*

FREDERICK N. YOUNG, P.J., and GRADY, J., concur.