·BREIDENBACH, Appellant,

v.

CONRAD, Admr., et al., Appellees.

[Cite as *Breidenbach v. Conrad* (1997), 122 Ohio App.3d 640.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–97–6.

Decided Oct. 30, 1997.

*Stewart Jaffy & Associates Co., L.P.A., Stewart Jaffy, Marc J. Jaffy* and *Eric Bravo*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Reeve Kelsey*, Assistant Attorney General, for appellee James Conrad, Administrator, Bureau of Workers' Compensation.

*Thompson Hine & Flory L.L.P.* and *Scott Armour*, for appellee American Standard, Inc.

EVANS, Presiding Judge.

Robert E. Breidenbach ("appellant") appeals from a judgment of the Common Pleas Court of Seneca County denying him recovery of certain costs in connection with his workers' compensation claim.

After initially receiving an adverse decision from the Industrial Commission of Ohio on his workers' compensation claim, Breidenbach appealed his case to the Court of Common Pleas of Seneca County under the authority of R.C. 4123.512. A trial ensued and Breidenbach's right to participate in the workers' compensation fund for a disk herniation was upheld. No appeal was taken from the judgment entry granting Breidenbach the right to participate in the fund.

Shortly thereafter, Breidenbach filed a motion for taxation of costs, seeking reimbursement from his employer pursuant to R.C. 4123.512(D) and (F) for certain costs and expenses related to his workers' compensation claim. Specifically, Breidenbach requested payment for the following: $875 in fees for his expert witness, Dr. Gase; $459 for a stenographic copy of Dr. Gase's deposition; $300.03 for a videotaped copy of Dr. Gase's deposition; $151.80 for a copy of the deposition transcript of opposing parties' expert witness, Dr. Riethmiller; and $67.50 for attorney travel expenses. It was not disputed that Breidenbach was entitled to the $875 in expert witness fees and the $151.80 for the cost of Dr. Reithmiller's deposition transcript. The trial court allowed these costs. However, the remaining costs of videotaped and stenographic copies of Dr. Gase's deposition and attorney travel fees were challenged by Breidenbach's employer, American Standard, Inc., and the Administrator of the Bureau of Workers'

Compensation ("appellees"). In accordance with the reasoning espoused in *George v. Administrator* (1997), 120 Ohio App.3d 106, 696 N.E.2d 1101, the trial court granted Breidenbach only one of the requested costs of deposition, $459 for stenographic costs,[1] and denied recovery for the videotape expenses. The trial court also denied Breidenbach recovery of attorney travel expenses.

Breidenbach now challenges the trial court's decision denying these costs, asserting two assignments of error.

## Assignment of Error I

"The trial court erred in not awarding Mr. Breidenbach the costs of both the videotaped and stenographic version of Dr. Andre Gase's deposition."

## Assignment of Error II

"The trial court erred in denying Mr. Breidenbach costs for his counsel's travel to the depositions of Drs. Gase and Riethmiller."

In his first assignment of error, appellant contends that he should be able to recover costs for both the videotape and stenographic versions of Dr. Gase's deposition under either R.C. 4123.512(D) as a cost of deposition or (F) as a cost of litigation.

R.C. 4123.512 contains two provisions for a claimant to recoup costs of litigation which are relevant to appellant's assignments of error. The narrower provision is R.C. 4123.512(D), which provides:

"* * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code * * *. The bureau of workers' compensation shall pay the cost of the deposition filed in court and of copies of the deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. * * *"

The Supreme Court of Ohio in *Akers v. Serv–A–Portion* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, syllabus, has interpreted this subsection of R.C. 4123.512 to provide that stenographic and reproduction costs of depositions be paid from the Industrial Commission Surplus Fund whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act. The fund can then be reimbursed by the employer if the claimant is successful in his action, as in this case. The intent behind R.C. 4123.512(D) was

---

1. When electing between awarding stenographic or videotape costs under R.C. 4123.512(D) as a "cost of deposition," the trial court awarded appellant the higher amount.

to "relieve a claimant from additional charges that are required when testimony is presented by deposition, rather than by a witness in court." *Perry v. Connor* (1983), 8 Ohio App.3d 283, 284, 8 OBR 376, 378, 456 N.E.2d 1340, 1342; but, cf., *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101.

Moreover, the Supreme Court of Ohio has held that the "cost of deposition" clause in this subsection[2] is limited in that it does not provide for payment of multiple forms of deposition testimony. *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 646 N.E.2d 830. Following the result suggested in *State ex rel. Hakos v. Colasurd* (Dec. 28, 1993), Franklin App. No. 92AP–1151, unreported, 1993 WL 540288, the Supreme Court agreed that " 'a claimant initially has the option of using a written deposition or videotape. The costs of *one of these forms* of deposition is reimbursable.' " (Emphasis added.) *Id.* at 644, 646 N.E.2d at 832, quoting *Hakos, supra.*

Reimbursement for other costs of litigation are provided for in R.C. 4123.512(F); however, unlike R.C. 4123.512(D), recovery of these costs is entirely conditioned on the claimant's success in establishing his right to participate in the fund. R.C. 4123.512(F) states:

"The cost of any legal proceedings authorized by this section including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."

Under this subsection, additional costs such as expert witness fees and attorneys fees have been held recoverable. *Moore,* 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101.

In the instant case, appellant was successful in asserting his right to participate in the Workers' Compensation Fund. Therefore, appellant is entitled to collect, under R.C. 4123.512(F), the "cost of any legal proceeding" associated with that claim in addition to the more limited "cost of deposition" recovery under R.C. 4123.512(D).

It is appellant's contention that because Seneca County Loc.R. 16.01 required him to file a transcribed version of Dr. Gase's testimony in addition to the

---

2. In *Colasurd,* the court was construing the cost-of-deposition provision in R.C. 4123.519(C) which the court recognized, though reworded, is currently embodied in R.C. 4123.512(D).

videotape used at trial, his costs of deposition were uncontrollably increased. Therefore appellant argues, he should be permitted to recover both his stenographic and videographic expenses under R.C. 4123.512(D) or, in the alternative, under R.C. 4123.512(F) as a cost of a legal proceeding.

The issue we first address is whether additional deposition costs required under local court rules qualify as a "cost of deposition" under R.C. 4123.512(D). When construing the cost reimbursement provisions contained in R.C. 4123.512, the Supreme Court has often quoted the axiom that " ' "[c]osts" are not synonymous with expenses unless expressly made so by statute.' "  *Colasurd,* 71 Ohio St.3d at 643, 646 N.E.2d at 832, quoting *Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201; see, also, *Moore,* 18 Ohio St.3d at 260, 18 OBR at 315–316, 480 N.E.2d at 1102; *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666 ("the subject of costs is one entirely of statutory allowance and control").  We agree with the court in *George v. Administrator, supra,* which states that "the mere fact that the costs of preparing a transcript was an expense required by local rule does not necessarily mean that it is a 'cost' that may be recovered under the statute."  120 Ohio App.3d at 109, 696 N.E.2d at 1103.  Decisions regarding the presentation of witness testimony necessarily involve the contemplation of varying levels of expense.  We recognize that it was within appellant's discretion to determine which medium to use to present the testimony of Dr. Gase, be it live testimony, deposition transcript, deposition videotape with accompanying transcript, or some combination thereof.  Because appellant preferred, for whatever reason, to present Dr. Gase's deposition testimony in videotape format (over a transcript format alone), Loc.R. 16.01 imposed the additional obligation and expense of also providing a transcript to the court.  Thus, appellant, through his election, voluntarily agreed to incur the additional transcript expense imposed by Loc.R. 16.01.  As the Supreme Court has made clear in *Colasurd,* each deposition format or combination of formats is not necessarily compensable under R.C. 4123.512(D).  Rather, only one form of deposition costs is compensable under R.C. 4123.512(D).  *Colasurd,* 71 Ohio St.3d at 644, 646 N.E.2d at 832–833.  Consequently, we find no error in the trial court's judgment allowing appellant recovery of the cost of the deposition transcript under R.C. 4123.512(D) and denying appellant recovery of the cost of the deposition videotape.

Nor are we persuaded that costs incurred in connection with depositions that are not covered under R.C. 4123.512(D) can be collected under R.C. 4123.512(F) by a successful claimant as a cost of a legal proceeding, as appellant asserts. *E.g., Ramirez v. Toledo Stamping & Mfg. Co.* (1996), 114 Ohio App.3d 12, 682

N.E.2d 719. It is a well-established rule of statutory construction that specific provisions govern over general provisions. R.C. 1.51. R.C. 4123.512(D) is specifically drawn to address the recovery of costs associated with depositions. According to the statute, payment of these costs is made either by the Surplus Fund or, in cases where the claimant is successful, the cost is passed on to the employer. Thus, any and all recoverable costs of depositions are reimbursed under R.C. 4123.512(D). On the other hand, R.C. 4123.512(F) is a general statutory provision available to successful claimants to recover "the cost of any legal proceeding." While broader in scope, the costs recoverable under subsection (F) cannot be read to duplicate the coverage allowed under the more specific deposition provision of R.C. 4123.512(D), since to do so would eviscerate subsection (D) and frustrate the legislature's clear intent to provide specialized recovery for deposition costs. Thus, we find the reimbursement of such costs is solely determined under the specific provision of R.C. 4123.512(D). Appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that the trial court erred in failing to award him the costs of his attorney's mileage to and from the deposition sites as a cost of deposition under R.C. 4123.512(D) or, in the alternative, as a cost of a legal proceeding under R.C. 4123.512(F).

"Costs" have been defined as " 'the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action.' " *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925, quoting *State ex rel. Commrs. of Franklin Cty. v. Guilbert* (1907), 77 Ohio St. 333, 338–339, 83 N.E. 80, 80–81. The statutory fees to which an attorney is entitled for his services are expressly set out in R.C. 4123.512(F). Under this subsection, an attorney can collect fees in an amount up to $2,500. Appellant's attorney in this case has already been awarded and collected attorney fees under the statute.[3] Absent express statutory authority, general litigation expenses are not considered a cost taxable to an opposing party. *Id.* at 51, 23 O.O.3d at 89–90, 430 N.E.2d at 926–927. Neither R.C. 4123.512(D) nor (F) specifically provides for miscellaneous expenses such as an attorney's mileage expenses to be taxable as a cost of deposition or any legal proceeding. Nor do we have the power to "read into a statute something that cannot reasonably be implied from the statute's language." *Colasurd,* 71 Ohio St.3d at 644, 646 N.E.2d at 832, citing *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, paragraph two of the syllabus. The fact that the attorney incurred such

---

**3.** It is not known whether or not appellant's fee contract with his attorney required appellant to pay mileage expenses. Even if appellant is responsible for mileage costs, it is not known whether such expenses were included in the attorney fee charged to appellant and subsequently reimbursed under R.C. 4123.512(F).

expenses traveling to depositions, does not qualify the expense as the attorney's statutory fee for service, or "cost" of deposition or a legal proceeding under R.C. 4123.512. Accordingly, appellant's second assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY, J., concurs.

SHAW, J., concurs in part and dissents in part.

SHAW, Judge, concurring in part and dissenting in part.

I concur in the judgment reached by the majority as to the second assignment of error only because the record does not appear to indicate whether the mileage expenses at issue were otherwise included in the recoverable attorney fees. I do not agree that those expenses are necessarily precluded as a matter of law.

I respectfully dissent from the majority decision as to the first assignment of error because the ruling unnecessarily penalizes a successful workers' compensation claimant for electing to utilize a videotape deposition in conjunction with a transcription of that deposition. The dual format may often be an effective litigation choice for the claimant and surely aids the trial court in processing the evidence in these cases. As such, the exceedingly narrow construction of the relevant statutes imposed by the majority decision is unfair to claimants and undermines the trial process.

In the first instance, there is nothing in R.C. 4123.512(D) which would preclude recovery for a specified deposition format mandated by local court rule, in addition to the format freely chosen by the claimant. Moreover, the majority decision may well have the effect of coercing a claimant into foregoing videotape in favor of a transcription only, since the local rule requires the transcription format in any event. This may impermissibly restrict the right of a workers' compensation claimant to make whatever litigation choices the claimant deems to be the most effective in the presentation and trial of his case.

However, even if R.C. 4123.512(D) is interpreted to preclude dual recovery, a local rule of court mandating a specified deposition format for use at trial, clearly interjects the trial court into the litigation process. As such, the costs associated with such a rule should be considered as part of "the cost of any legal proceeding" and recoverable by the successful claimant under R.C. 4123.512(F). Again, there is nothing in R.C. 4123.512(F) to support the unduly restrictive and somewhat tortured statutory construction of the majority on this point. On the

contrary, section (F) would seem to be designed for just such a contingency as the local rule in this case creates. In short, it seems only reasonable that costs incurred by successful workers' compensation claimants, as the direct result of local court rules mandating specified deposition procedures, should be recoverable *in addition to* costs otherwise recoverable under these statutes.