OPINION
Defendants-Appellants the Chrysler Corporation (hereinafter "Chrysler"), Bureau of Workers' Compensation, and the Industrial Commission of Ohio (hereinafter collectively referred to as "Appellants") appeal a judgment of the Montgomery County Common Pleas Court ordering Chrysler to pay travel expenses incurred by Plaintiff-Appellee William Kilgore's attorney in deposing an expert witness in the course of Kilgore's ultimately successful claim for workers' compensation benefits. In Appellants' jointly submitted brief, they claim the trial court erred in ordering Chrysler to pay the travel expenses because such expenditures are not "costs" that an employer may be ordered to pay under the pertinent workers' compensation statute. After a careful review of the record before us and the relevant case law, however, we affirm the judgment of the trial court.
In 1988, William Kilgore was employed by Chrysler when he suffered a work-related injury. Through a sequence of events that is not clear from the record, the mid-1990s found the parties embroiled in a lawsuit concerning Kilgore's eligibility to participate in the workers' compensation fund. In the course of that lawsuit but prior to trial, Kilgore's attorney made arrangements to depose Kilgore's treating physician who had since moved to South Carolina. The deposition was scheduled to be taken on March 10, 1995. Chrysler's counsel also scheduled a discovery deposition of the same physician which was to take place the day before. On March 9, however, Chrysler's attorney failed to show up for the deposition. When she arrived on March 10, she requested an opportunity to take the physician's deposition that day instead, and Kilgore's attorney consented. As it turned out, Chrysler used the entire time scheduled for Kilgore's attorney's deposition of the physician, making it necessary for the attorney to arrange for a second trip to South Carolina to depose the doctor.
The second attempt to depose Kilgore's physician came on April 18, 1995. Kilgore's attorney flew to South Carolina on that date only to find out that the videographer with whom he had made arrangements to videotape the deposition had been unexpectedly hospitalized, and that no other videographer was available in his stead. Thus, Kilgore's attorney again returned to Ohio without having taken the doctor's deposition.
A third and final date was set for deposing Kilgore's physician on April 27, 1995. Once again, Kilgore's attorney traveled to South Carolina, this time successfully completing and videotaping the doctor's deposition.
In January of 1996, the magistrate found Kilgore was eligible to participate in the workers' compensation fund. Her findings were adopted by the trial judge over Chrysler's objections and although Chrysler then filed an appeal in this court, it was subsequently withdrawn and we dismissed the appeal in September of 1996.
On March 1, 1999, Kilgore filed a petition for attorney's fees and costs pursuant to R.C. § 4123.51.2. Included in the costs sought to be recovered was the expense for the three trips Kilgore's attorney made to South Carolina in connection with the physician's deposition.[1] Those costs consisted of $611 for the March 10 trip, $551 for the April 18 trip, and $683 for the April 27 trip, for a total of $1,845. On July 9, 1999, the trial court granted Kilgore's petition for costs for the March 10 and April 27 trips, but held Chrysler was not required to pay the costs of the April 18 trip.[2] Chrysler filed its timely notice of appeal on August 9, 1999, and the Industrial Commission of Ohio and the Bureau of Workers' Compensation filed their notice of appeal within ten days of that date, making it timely under App.R. 4(B) (1). In a September 8, 1999, decision and entry we consolidated the cases for the purpose of appeal, and oral arguments were heard on January 3, 2000.
In their joint brief to this court, Appellants claim that travel expenses incurred in the process of taking an expert witness' deposition are not reimbursable "costs" as that term is used in R.C. § 4123.51.2, and that the trial court's contrary finding constitutes error. Appellants also argue that even if travel expenses are "costs" under that section, the court's order requiring Chrysler to pay the travel expense associated with the April 27 trip to South Carolina was error because that trip was neither necessary nor reasonable. For the reasons that follow, however, we affirm the judgment of the trial court., Appellants' first assignment of error is presented as follows:
 The trial court erred in granting the portion of the Appellee's petition for attorney's fees and costs, which ordered reimbursement of the Appellee's attorney's travel expenses for attending his expert's deposition, because travel expenses are not reimbursable costs under either R.C. 4123.51.2(D) or R.C. 4123.51.2(F).
Division (D) of R.C. § 4123.51.2 reads, in part, as follows:
 * * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. In the event the deposition is taken and filed, the physician whose deposition is taken is not required to respond to any subpoena issued in the trial of the action.
Thus, a claimant is entitled to recover the costs of his doctor's deposition if the deposition is used at trial regardless of whether the claimant is ultimately successful in his claim for workers' compensation benefits. Division (F) of the same section also concerns reimbursement of costs in a workers' compensation suit and provides as follows:
 The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars.
Hence, division (F) expands the variety of costs recoverable by a claimant, but conditions his recovery on his success in establishing his right to participate in the workers' compensation fund., Appellants cite various Ohio Supreme Court and appellate court cases in support of their argument that division (D) does not contemplate reimbursement of travel expenses incurred by an attorney's attendance at an expert witness deposition. We need not determine whether Appellants' argument is correct, however, because the trial court's determination that Chrysler is obligated to reimburse Kilgore for the travel expenses rested not on division (D), but on division (F). In fact, the trial court stated its belief that travel expenses are not included in the "costs of deposition" language of division (D), citing the supreme court's decision in State ex rel. Williams v. Colasurd (1995),71 Ohio St.3d 642, and our decision in George v. Ohio Bur. ofWorkers' Comp. (1997), 120 Ohio App.3d 106, in support of its conclusion. Docket No. 8 at 7.
Similarly, we may disregard Appellants' argument as to whether Kilgore is entitled to recover the costs of both the stenographic costs and videographic costs of the physician's deposition. In the proceedings below, Kilgore sought reimbursement only for the stenographic costs, not the videographic costs, and the common pleas court noted as much in its decision. Docket No. 8 at 5.
Left for our consideration, however, is the question whether the "cost of any legal proceeding" language in division (F) encompasses an attorney's travel expenses incurred in taking the deposition of an expert witness. We start by observing that R.C. § 4123.95 requires courts to liberally construe the workers' compensation laws in favor of employees. In addition, the Ohio Supreme Court has stated that the requirement that an employer pay a successful claimant's costs is "designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund." Moore v. General Motors Corp.
(1985), 18 Ohio St.3d 259, 261-62 (construing former § 4123.51.9, repealed and in pertinent part recodified as R.C. § 4123.51.2(F) effective September 20, 1993). Thus, the costs recoverable by a claimant whose right to participate in the workers' compensation fund is established are "significantly greater than the costs of ordinary litigation." Moore, supra at 261., Appellants rely heavily on State ex rel. Williams v. Colasurd
(1995), 71 Ohio St.3d 642, in arguing that litigation expenses are not "costs" as that term is used in the workers' compensation law unless expressly made so by the relevant statutory provisions. There, however, an unsuccessful claimant sought to recover the costs of a physician's deposition under what is now R.C. § 4123.51.2(D). The supreme court found that expert witness fees incurred in the taking of the expert's deposition are not a "cost of the deposition" under division (D), but hastened to add that that division and division (F) are not interchangeable. Colasurd, supra at 645.
Indeed, the supreme court's treatment of the two divisions bears out that statement. In determining what costs were recoverable under division (D), for instance, in Colasurd the court imported reasoning from Benda v. Fana (1967), 10 Ohio St.2d 259, into the workers' compensation sphere. In Benda, the question before the court concerned whether certain costs were recoverable under R.C. § 2311.17 relating to an offer out of court to allow judgment, or R.C. § 2311.18, having to do with an offer in court to confess judgment. In an oft quoted portion of the syllabus, the Benda court stated that "[c]osts are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment."Benda, supra at paragraph one of the syllabus. Quoting Benda inColasurd, the court observed that "`[C]osts' are not synonymous with expenses unless expressly made so by statute.'" Colasurd,supra at 643. But in Moore, supra, the court distinguished the narrower category of costs recoverable under Benda from those recoverable in workers' compensation cases under division (F) stating as follows:
 This court is persuaded that the language of * * * [what is now R.C. § 4123.51.2(F)], as interpreted pursuant to the mandates of R.C. 4123.95, is designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund. Under the terms of participation in the State Insurance Fund, a claimant may recover relatively modest amounts. That is why Benda v. Fana, supra, is not applicable. In Benda
* * * [t]his court correctly held that "costs," as used in R.C. 2311.17 and 2311.18, do not include such medical expert fees but refer only to costs fixed and taxed according to statute. Benda involved an action where more than economic losses were sought. Unlike this case, Benda did not involve a workers' compensation claim which is confined to recovery of only part of economic losses and "costs" as expressly provided in [present R.C. § 4123.51.2(F)].
 Moore, 18 Ohio St.3d at 261-62. Thus, reading Moore and Colasurd together, it is apparent that the costs recoverable under division (F) are more varied than those recoverable under division (D). This is as it should be. Given that the purpose of R.C. § 4123.51.2 is to avoid dissipation of a successful claimant's recovery, that claimant should be entitled to recover more of the expenses associated with an appeal than the claimant who is ultimately found to be ineligible to participate in the workers' compensation fund.
Several appellate courts in Ohio have addressed whether the expense of an attorney's travel to attend an expert witness' deposition is a recoverable "cost" under the workers' compensation law. Appellants direct our attention toBreidenbach v. Conrad (1997), 122 Ohio App.3d 640, in which the court of appeals for Seneca County opined that an attorney's travel expenses qualify neither as "attorney's fees" nor "costs of any legal proceeding" under R.C. § 4123.51.2(F), and that claimants, successful though they be, are not entitled to recover such expenses under the statute. The Breidenbach court stated that "[n]either R.C. 4123.51.2(D) nor (F) specifically provides for miscellaneous expenses such as an attorney's mileage expenses to be taxable as a cost of deposition or any legal proceeding." Breidenbach, supra at 645. The court justified its rejection of the claimant's argument that he was entitled to recover his attorney's mileage expense under division (F) by reciting a general definition of "costs" substantially similar to that found in Benda, supra. Missing from Breidenbach, however, was any acknowledgment of the supreme court's recognition of the fact that the costs recoverable by a claimant pursuant to division (F) are "significantly greater than the costs of ordinary litigation." Moore, supra at 261. Given the supreme court's statement in Moore, and the statutory requirement that the worker's compensation laws are to be liberally construed, we are reluctant to follow Breidenbach's application of the general definition of "costs" it cites to R.C. § 4123.51.2(F). See R.C. § 4123.95., Appellants also citeAndrews v. Sajar Plastics, Inc. (1994), 98 Ohio App.3d 61, in support of their argument that travel expenses are not included in the "cost of any legal proceeding" as that phrase is used in R.C. § 4123.51.2(F). In Andrews, the court of appeals for Geauga County distinguished Moore on the basis thatMoore concerned the "narrow question" of whether a successful claimant could recover an expert witness' fee, whereas the expenses at issue in Andrews were limited to "other fees" such as postage, photocopies, and travel expenses pertaining to preparation for and presentation of the expert's trial testimony. The court concluded that such expenses are not recoverable as "costs of any legal proceeding" because they were not expressly enumerated by the statute. In our view, however, the appellate court's holding contradicts the statutory requirement of a liberal construction in favor of employees in the workers' compensation context, and disregards the supreme court's observation that successful claimants are entitled to recover significantly greater costs than would be so in ordinary litigation. R.C. § 4123.95;Moore, supra at 261., Appellants further claim that although our decision in George v. Ohio Bur. of Workers' Comp.
(1997), 120 Ohio App.3d 106, did not concern recovery of an attorney's travel expenses, it too supports their argument. In George, we held that division (D) permits a claimant to be reimbursed for either the stenographic or the videographic cost of an expert's deposition, and that a successful claimant cannot recover any resulting overflow "costs of a deposition" under division (F). It appears, however, that the trial court and Appellants in the instant case are in agreement that an attorney's travel expense to attend a deposition is not a "cost of the deposition" under division (D). Thus, Kilgore is not seeking to recover excess "costs of the deposition" under division (F), as was the case in George, and we find that case to have little relevance to the issue at hand.
In contrast, Kilgore cites three cases, including one from this court, in which it was determined, or at least suggested, that an attorney's travel expenses were recoverable "costs of a deposition." See Frawley v. Mihm (1993), 91 Ohio App.3d 275
(suggesting in dicta that reasonably incurred travel expenses are reimbursable "costs of a deposition," citing Frazier, infra);Lewis v. Mayfield (Aug. 18, 1992), Lawrence App. No. 91-CA-21, unreported (finding expense of transportation to location where deposition took place to be a "cost of the deposition," citingFrazier, infra); Frazier v. Holland Motor Express (June 11, 1990), Butler App. No. CA89-07-096, unreported (rejecting notion that travel expenses are litigation costs and instead finding them to be "costs of a deposition" recoverable by an unsuccessful claimant). We note, however, that these cases all analyzed the recoverability of travel expenses as a "cost of a deposition." Moreover, since the cases cited by Kilgore were rendered, the supreme court has noted that the "cost of a deposition" includes only the stenographic costs consisting of the cost of the court reporter attending the deposition and the fee for producing the original transcript and copies that are required. Therefore, those earlier cases are of questionable value to our discussion of the present issue.
Although not cited by Kilgore, the court of appeals for Tuscarawas County has also found an attorney's travel expenses incurred in attending an expert witness' deposition to be recoverable by a successful claimant under R.C. § 4123.51.2(F).Pritchard v. Ohio Bur. of Workers' Comp. (Apr. 29, 1998), Tuscarawas App. No. 97AP080053, unreported. The court reasoned that "[t]o hold otherwise would undermine the purpose and intent of the Workers' Compensation Laws." Id. We are well aware that the Pritchard court came to a different conclusion than we did inGeorge as to whether excess "costs of a deposition" found to be not reimbursable under division (D) may be recovered as a "cost of any legal proceeding" under division (F) of the statute. Although we disagree with Pritchard on that point, we are in agreement that the broader language found in division (F), the supreme court's statement in Moore, supra, that successful workers' compensation claimants are entitled to recover significantly more "costs" than are available to successful parties in ordinary litigation, and the requirement that workers' compensation laws be liberally construed in favor of employees support the trial court's conclusion in the instant case that an attorney's reasonable travel expenses incurred in establishing a claimant's right to participate in the fund are reimbursable as "costs of any legal proceeding" under R.C. § 4123.51.2(F).
Having found no abuse of discretion by the trial court in awarding such costs to Kilgore, Appellants' first assignment of error is overruled., Appellants set forth their second assignment of error as follows:
 If this court decides to permit the recovery of an attorney's travel expenses under R.C. 4123.51.2(F), the trial court still improperly awarded the reimbursement of the Appellee's attorney's travel expenses incurred for the April 27, 1995 perpetuation deposition because these were not [sic] necessary nor reasonably incurred under R.C. 4123.51.2(F).
Appellants contend that because Kilgore's attorney's travel expenses for his April 27, 1995, trip to South Carolina were neither necessary nor reasonably incurred, Kilgore should be denied recovery of those costs. We decline to consider this issue, however, because it was not raised by appellants in the trial court and has consequently been waived on appeal. SeeWireman v. Keneco Distributors, Inc. (1996), 75 Ohio St.3d 103,108.
Having overruled Appellants' first assignment of error, and having found their second to be waived, we affirm the judgment of the trial court.
BROGAN, J. and WOLFF, J., concur.
[1] Reimbursement of other costs was also requested by Kilgore but since they are not at issue in the present appeal we will confine our discussion to the travel expenses incurred in Kilgore's attorney's trips to South Carolina.
[2] Kilgore did not appeal the court's ruling that the travel expenses for the April 18 trip were not reimbursable, nor did he file a cross appeal to that effect. Further reference to Kilgore's attorney's "travel expenses" in this opinion, therefore, relate only to those expenses incurred on the March 10 and April 27 trips to South Carolina.