OPINION
{¶ 1} Appellant, Howard Bulstrom, filed a workers' compensation claim alleging he contracted asbestosis as a result of working at LTV Steel Company. The Industrial Commission denied appellant's claim. Appellant filed a notice of appeal and complaint with the Stark County Court of Common Pleas.
 {¶ 2} A jury trial commenced on July 26, 2004. The jury found appellant was entitled to workers' compensation.
 {¶ 3} On August 20, 2004, appellant filed a motion for attorney's fees and costs pursuant to R.C. 4123.512. By judgment entry filed September 1, 2004, the trial court granted appellant's request for attorney's fees and nearly all of appellant's requests for costs. However, the trial court excluded the costs of duplicate stenographic and videotape depositions and the costs of the videotapes. The trial court awarded appellant $6,128.33 of the $7,037.56 requested, for a difference of $909.23.
 {¶ 4} On September 10, 2004, appellant filed a motion for clarification regarding the September 1, 2004 order. By judgment entry filed September 15, 2004, the trial court denied the motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred as a matter of law and abused its discretion when it denied Mr. Bulstrom the Stenographic and videotaped costs associated with presenting expert depositions at trial."
 {¶ 7} At the outset, we note appellee, Administrator, Ohio Bureau of Workers' Compensation, filed a cross-assignment of error in its brief at 4. We will not address this issue as appellee failed to file a notice of cross-appeal. See, App.R. 3(C).
 I {¶ 8} Appellant claims the trial court's calculation of costs accessed to appellee is in error. Specifically, appellant claims the trial court erred in excluding the costs of the stenographic depositions filed with the court that were duplications of the videotaped depositions played during the trial.
 {¶ 9} The decision to grant or deny costs pursuant to R.C. 4123.512
lies in the trial court's sound discretion. Pritchard v. Administrator,Bureau of Workers Compensation (April 29, 1998), Tuscarawas App. No. 97APD080053. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 10} In its judgment entry filed September 1, 2004, the trial court held the following:
 {¶ 11} "The Court finds, that when construing R.C. § 4123.512(F) liberally in favor of the employee, the employee expended Six Thousand One Hundred Twenty-eight Dollars and Thirty-three Cents ($6,128.33) in reasonable expenses. The Court excluded duplicative video or transcript depositions, and the cost of the video tapes. The employee is entitled to recover video expense minus the cost of the video tape or the cost of deposition transcripts but not both.
 {¶ 12} "The Court awards expenses in the amount of Six Thousand One Hundred Twenty-eight Dollars and Thirty-three Cents ($6,128.33) and attorney fees in the amount of Two Thousand Five Hundred Dollars ($2,500.00) pursuant to R.C. § 4123.512(F)."
 {¶ 13} Appellant argues the $6,128.33 amount determined by the trial court to be reasonable costs does not add up. We concur with this argument.[1] Accepting the figures set forth in the affidavit of appellant's attorney, Shawn Action, Esq., and the accompanying exhibits, the amount minus the stenographic depositions at issue and the cost of the videotapes equals $6,098.99.
 {¶ 14} Having so concluded, the issue remains whether the $1,089.55 in duplicate stenographic fees which includes $150.45 for an expedited copy and $120.00 for videotapes are costs pursuant to R.C. 4123.512(D) and (F) and C.P.Sup.R. 13(D)(1) and (2) which state as follows in pertinent part, respectively:
 {¶ 15} "(D) * * * The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal.
 {¶ 16} "(F) The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars.
 {¶ 17} "(D)(1) The expense of videotape as a material shall be borne by the proponent.
 {¶ 18} "(D)(2) The reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54."
 {¶ 19} Pursuant to C.P.Sup.R. 13(D)(1), the "expense of videotape as a material shall be borne by the proponent" therefore, the trial court was correct in excluding $120.00 in the allocation of costs.
 {¶ 20} From a review of the case law, it is clear the issue of what constitutes "costs" in a R.C. Chapter 4123 proceeding is an evolving issue. As the Supreme Court of Ohio has consistently pointed out, R.C.4123.512 is to be construed liberally and "the traditional dichotomy between `costs' and 'expenses' in civil cases as set forth in Benda [v.Fana (1967), 10 Ohio St.2d 259] is not directly applicable in the workers' compensation area." Kilgore v. Chrysler Corp. (2001),92 Ohio St.3d 184, 187; See also, Cave v. Conrad (2002), 94 Ohio St.3d 299; R.C. 4123.95.
 {¶ 21} In State ex rel. Williams v. Colasurd (1995), 71 Ohio St.3d 642,644, the Supreme Court of Ohio specifically found despite "a liberal construction directive" under R.C. 4123.95, dual payment for stenographic and videotape depositions is not allowed. This position was adopted by our brethren from the Second District in George v. Ohio Bureau ofWorkers' Compensation (1997), 120 Ohio App.3d 106, 109, wherein the court quoted Colasurd at 643, quoting Benda, supra, at 263, "`"`osts' are not synonymous with expenses unless expressly made so by statute."'" TheGeorge court concluded "George may recover either the stenographic expense or his physician's deposition, or the videographic expense, but not both." Id.
 {¶ 22} The argument for the recovery of dual costs was stronger inGeorge because a local rule of court required a "written transcript within a videotaped deposition." Id. at 108. The Stark County Local Rules do not so provide.
 {¶ 23} Appellant argues the dicta in Cave, supra, should influence this court to not rely on Colasurd. We decline to accept this position. In Cave at 302, the Supreme Court of Ohio referenced the logic ofColasurd and also addressed the interaction of the Ohio Rules of Superintendence vis à vis R.C. 4123.512:
 {¶ 24} "Moreover, the Ohio Rules of Superintendence have made videotaped deposition costs an exception to the long-standing principle that costs are allowed solely by statutory authority. We have previously recognized that videotaped depositions are governed by the Ohio Rules of Superintendence. State ex rel. Williams v. Colasurd (1995),71 Ohio St.3d 642, 645-646, 646 N.E.2d 830, 833, citing Gold v. Orr FeltCo. (1985), 21 Ohio App.3d 214, 216, 21 OBR 228, 231, 487 N.E.2d 347, 349."
 {¶ 25} The Cave decision did not address the issue of dual recovery for depositions and videotapes as is the issue sub judice, and tacitly affirmed the Supreme Court of Ohio's prior decision on the issue inColasurd.
 {¶ 26} Lastly, appellant argues Schuller v. U.S. Steel Corp. (2004),103 Ohio St.3d 157, is also persuasive authority on the issue. We disagree. The certified question in Schuller at 158 was "[w]hether an expert's witness fee for live in-court testimony is a reimbursable cost of legal proceedings pursuant to R.C. 4123.512(F)."
 {¶ 27} Appellant argues we should look to footnote 1 for guidance. Footnote 1 is merely a recitation of the costs approved by the bureau and does not include any law or dicta on the issue presented in that case or the case sub judice. The Schuller court at 159 went on to reiterate its position in Kilgore, "reimbursement for such expenses is subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal."
 {¶ 28} In reaching a conclusion, the Schuller court at 161 found expert's fees may be included as costs of the litigation however, "the amount to be reimbursed must be determined by the trial court." Nowhere in either Cave or Schuller does the Supreme Court of Ohio overruleColasurd or expand the definition of "costs" as appellant so argues.
 {¶ 29} Under the Ohio Rules of Superintendence, duplicate costs are not allowable. We find the law of Colasurd and the rules of superintendence prohibit duplicate costs for stenographic and videotape depositions of the same party when only the videotape deposition is presented at trial. Further, as noted in Exhibit E attached to Action's affidavit, one transcript was expedited and incurred an additional $150.45 charge. Clearly, this charge is not only duplicative, but unnecessary as the videotape deposition was presented. The trial court should disallow this cost should appellant opt to claim the stenographic costs over the videotape costs.
 {¶ 30} The sole assignment of error is denied as to the issue of dual recovery, but granted as to the calculation of costs. Appellant is to choose the recovery costs for stenographic depositions or videotape depositions.
 {¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, J., Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between appellant and appellee, Administrator, Ohio Bureau of Workers' Compensation.
[1] We note computation errors in the affidavit regarding Exhibits D and E and confusion over the highlighted amounts in Exhibit Q could have impacted the trial court's numbers.