DECISION AND JUDGMENT ENTRY
This accelerated appeal arises as a result of the judgment of the Lucas County Court of Common Pleas denying appellant's request for enforcement of its fee agreement with appellee, Luther Franklin. Appellee failed to respond to this appeal. For the reasons that follow, we reverse the decision of the trial court.
 Facts
Appellee entered into a contingency fee agreement with appellant, Gallon Takacs Co., L.P.A., in connection with his workers' compensation claim. With appellant's representation, appellee prevailed at trial and was granted the right to recover workers' compensation benefits. Following the jury's verdict, the trial court ordered the employer and the Bureau of Workers' Compensation ("BWC") to pay attorney fees in the amount of $2,500, in accordance with R.C. 4123.512(F). Eventually, appellee recovered $82,334.70 in workers' compensation benefits from the BWC.
Appellant attempted to collect its attorney fees pursuant to the terms of its contingency fee agreement with appellee. Upon appellee's refusal to pay, appellant requested that the Industrial Commission ("commission") resolve the fee dispute, pursuant to the authority granted it by R.C. 4123.06 and O.A.C. 4121-3-24. The commission determined that appellant was entitled under the fee agreement to the total amount of $30,464.02, representing $27,444.90 of reasonable legal fees and services, and $3,019.12, representing out-of-pocket expenses. Despite the commission's ruling, appellant was unable to collect the fees and filed the present action in the Lucas County Court of Common Pleas.
The matter came before the trial court on the parties' request for a determination as to whether R.C. 4123.512 preempted their otherwise valid fee agreement. The trial court held that it did and limited the recovery of attorney fees to a total of $2,500. We disagree.
Appellant raises in its sole assignment of error the following:
 "The trial court erred as a matter of law in its interpretation of Ohio Revised Code Section 4123.512(F), finding that said section supersedes any contractual fee agreements. Section 4123.512(F) imposes a limitation only on the amount of attorney's fees which may be taxed against the employer or Bureau of Workers' Compensation by the trial court when the injured worker prevails in the trial of a workers' compensation appeal brought under R.C. § 4123.512 and in no way operates to limit the obligation of the claimant to pay fees due to his attorney for services rendered pursuant to a valid contingent fee agreement."
 Analysis
R.C. 4123.512(F) provides that the amount of attorney fees recoverable from an employer or the commission is limited to $2,500:
 "(F) The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."
R.C. 4123.512, however, makes no mention of, nor limits, the amount of attorney fees recoverable by a claimant's counsel pursuant to a fee agreement between counsel and claimant. Therefore, contrary to the finding of the trial court, we find that the $2,500 limit imposed by R.C. 4123.512 does not apply to the lawyer/claimant relationship and any fee agreement related thereto.
The trial court also relied on Breidenbach v. Conrad
(1997), 122 Ohio App.3d 640, in support of its ruling; however, we find that its reliance was misplaced. Contrary to the issue in this case, Breidenbach did not involve a dispute over fees between an employee/claimant and his or her counsel; rather, Breidenbach
stated that an attorney could not recover additional expenses of litigation under the authority of R.C. 4123.512. Clearly, the facts in Breidenbach are unrelated to the case at hand.
Moreover, we find that the trial court's ruling would limit the commission's authority to regulate attorney fees pursuant to R.C. 4123.06 because no more than $2,500 could ever be awarded. Such a result would be an absurdity.
 Conclusion
Accordingly, we find appellant's sole assignment of error well-taken. The judgment of the trial court is therefore reversed and this matter is remanded for further proceedings in accordance with this decision. Costs to be paid by appellee.
Additionally, we note that, although appellee failed to respond to this appeal, on April 18, 2000, he filed a motion for leave to file a late reply brief. Appellee acknowledges receiving documents sent to him by this court regarding this appeal, as well as, appellant's brief; however, he asserts that he did not receive them until April 13, 2000. Appellee offers no explanation for the alleged seven month delay in receiving the documents, except that his daughter did not give him the documents until then. Additionally, appellee requests time to respond to appellant's appeal and raise issues concerning the validity of the underlying contingent fee agreement. Such an issue was not raised in the trial court. Accordingly, we deny appellee's request for leave to file a late reply brief.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, J.
JUDGE
 Melvin L. Resnick, J., Richard W. Knepper, P.J.
CONCUR.