[Cite as *Keener v. Buehrer*, 2017-Ohio-7749.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| DARRELL KEENER | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 27537 |
| | : | |
| v. | : | T.C. NO. 16-CV-2562 |
| | : | |
| STEPHEN BUEHRER, | : | (Civil Appeal from |
| ADMINISTRATOR, BUREAU OF | : | Common Pleas Court) |
| WORKERS' COMPENSATION, et al. | : | |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___22nd___ day of _____September_____, 2017.

. . . . . . . . . .

GARY D. PLUNKETT, Atty. Reg. No. 0046805, 3033 Kettering Blvd., Point West, Suite 201, Dayton, Ohio 45439
      Attorney for Plaintiff-Appellant

DAVID C. KORTE, Atty. Reg. No. 0019382 and MICHELLE D. BACH, Atty. Reg. No. 0065313 and JOSHUA R. LOUNSBURY, Atty. Reg. No. 0078175, 33 West First Street, Suite 200, Dayton, Ohio 45402
      Attorneys for Defendant-Appellee Northmont City School District

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the April 12, 2017 Notice of Appeal of Darrell Keener. Keener appeals from the Final Judgment Entry of the trial court,

following a jury trial, reflecting the jury's verdict that Keener has the right to participate in the workers' compensation system for the condition of left inguinal hernia in Claim No. 14-858351, and further ordering the Northmont City School District ("Northmont") to pay Keener "and his attorneys reimbursement for litigation expenses of $2,838.82 and attorney fees of $4,200.00, with interest at the statutory rate from the date of this Final Judgment Entry."   At issue herein are the cost of the video deposition of Dr. James deCaestecker, Keener's expert witness, which the trial court taxed to Keener, and the cost of the deposition transcript of Dr. Seth Vogelstein, the expert witness for Northmont City School District, which the trial court also taxed to Keener.   For the reasons set forth herein, the judgment of the trial court as to the cost of deCaestecker's video deposition is reversed, and the judgment of the trial court as to the cost of Vogelstein's deposition transcript is affirmed.

{¶ 2}   Keener filed his Notice of Workers' Compensation Appeal on May 20, 2016, in the trial court.   After trial, Keener filed, on February 17, 2017, a "Motion for Order on Plaintiff's Application for Award of Attorney's Fees and Expenses."   The Motion provides that Keener "is entitled to a recovery of his expenses in the amount of $3,246.82 and his attorneys are entitled to a fee of $4,200.00." According to Keener, awarding him "all of the expenses he has incurred in the prosecution of his successful workers' compensation case furthers the stated policy of the Legislature – that injured workers' are entitled to be fully compensated for all expense they have incurred in successfully asserting their right to participate in the workers' compensation system."   Keener argued that the "Legislature, in enacting the expense-reimbursement provision of R.C. 4123.512 was mindful of the fact that injured workers are often not in a position to absorb the cost of

establishing their right to participate in the workers' compensation system," and that if employers are unsuccessful in litigating a workers' compensation matter, "they are responsible for the successful claimant's expenses in proving their right."   Attached in part is an "Application for Award of Attorney Fees and Expenses," as well as a "List of Expenses,"  an "Itemized Statement of Attorney Fees," and the Affidavit of Gary D. Plunkett. The "List of Expenses" includes: $205.00 for "Accurate Legal Videos; Videographer Fee for Dr. [deCaestecker] Deposition," and $203.00 for "Mike Mobley Reporting; Deposition Transcript of Dr. Vogelstein." Keener directed the trial court's attention to *Kilgore v. Chrysler Corp.,* 92 Ohio St.3d 184, 749 N.E.2d 267 (2001), and this Court's decision in *Paris v. Dairy Mart-Lawson Co.,* 2d Dist. Montgomery No. 19871, 2003-Ohio-6673.

{¶ 3}  On February 28, 2017, "Defendant, Northmont City Schools', Memorandum in Opposition to Plaintiff's Motion for Order on Plaintiff's Application for Award of Attorney Fees and Expenses" was filed.   Therein, Northmont noted that it did not object to awarding Keener's counsel fees in the amount of $4,200.00, but it objected to the payment of $205.00 for the videographic expense of the deposition of Dr. deCaestecker, the payment of $203.00 for a certified copy of Dr. Vogelstein's deposition transcript, and the payment of $272.65 for a certified copy of Keener's deposition transcript.   Regarding deCaestecker's deposition, Northmont asserted that Keener "may recover the stenographic or videographic expenses of a physician's videotaped deposition, but not both."   Regarding Vogelstein's deposition, Northmont asserted that Keener's expense for obtaining a transcript of Northmont's expert should not be taxed as a cost to Northmont, since the transcript was filed on February 2, 2017, and available through the

clerk's office. Northmont asserted that "according to the time records attached to Plaintiff's Motion * * *, Plaintiff's counsel spent no time preparing for trial between the date of Dr. Vogelstein's deposition on January 19 and February 10. By that time, a copy of Dr. Vogelstein's deposition had been available through the clerk for over a week." Therefore, according to Northmont, "Plaintiff's counsel's expense for obtaining a certified copy of the deposition transcript was not a necessary cost." Finally, regarding Keener's deposition, Northmont asserted that the original transcript of Keener's deposition was filed on January 24, 2017, and Keener's counsel's "expense for obtaining a certified copy of the deposition transcript was not a necessary expense." Northmont relied upon *State ex rel. Williams v. Colasurd*, 71 Ohio St.3d 642, 646 N.E.2d 830 (1995), *George v. Administrator, Ohio Bureau of Workers' Compensation*, 120 Ohio App.3d 106, 696 N.E.2d 1101 (2d Dist. 1997), and *Robinson v. Conrad,* 2d Dist. Darke No. 1604, 2003-Ohio-2961.

{¶ 4} Keener filed "Plaintiff's Reply to Defendant's Memorandum in Opposition" on March 6, 2017. Therein he asserted that "more recent case law has expressly held that reasonable videotaped deposition expenses could be awarded to a successful workers' compensation claimant," pursuant to R.C. 4123.512(F), "and notwithstanding that the costs of stenographic transcription of the same deposition are reimbursable under R.C. 4123.512(D)." He argued that "fees for certified copies of the defense expert's deposition transcript and Plaintiff's deposition transcript should also be reimbursed as the 'cost of any legal proceeding' under R.C. 4123.512(F)." According to Keener, these "expenses have a direct relation to a claimant's appeal. The transcripts were reviewed in preparation [for] trial and then relied upon at the trial itself." Keener asserted that Northmont "forced" him "to file an appeal with this Court in order to establish his right to

participate in the workers' compensation system," and he "incurred certain expenses, including the fee associated with the videographic deposition and the costs of ordering certified copies of depositions and, as part of the litigation process." Keener directed the trial court's attention in part to *Cave v. Conrad*, 94 Ohio St.3d 299, 2002-Ohio-793, 762 N.E.2d 991, and *Carrigan v. Shaferly Excavating Ltd.,* 3rd Dist. Seneca No. 13-11-08, 2011-Ohio-5587.

{¶ 5} In its April 10, 2017 order, the trial court determined as follows (footnotes omitted):

R.C. 4123.512 demands that the costs and attorney fees of litigation *shall* be granted to Plaintiffs in this case. That rationale being "that statutes providing for reimbursement of costs to successful claimants in workers' compensation appeals are designed to minimize the actual expenses incurred by an injured employee who establishes his or her right to participate in the fund. Accordingly, in enacting statutes such as R.C. 4123.512(F), the General Assembly has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to" R.C. 4123.512.

*However, not every expense is recoverable*. The Second District has held that, while "reasonable videotaped deposition expenses" are reimbursable, a claimant *may not* recover the costs of *both* the stenographic and videographic expenses of depositions of medical expert witnesses.

In *Robinson v. Conrad,* [2d Dist. Darke No.1604, 2003-Ohio-2961, ¶ 19-21,] the [Second] District further held that a successful claimant **could not** recover the costs of a perpetuation deposition transcript when the original was filed with the court, as such cost was merely for convenience and not born of necessity.

Therefore, this Court finds that Plaintiff **may not** receive compensation for the videographic expense of Dr. [d]eCaestecker's deposition ($205) and Dr. Vogelstein's perpetuation steno transcript ($203).

However, *Robinson* is silent on the issue of a party's deposition transcript. Given that the rationale of R.C. 4123.512(F) * * * is to minimize Plaintiff's costs incurred for the successful prosecution of his claim, the court awards Plaintiff the costs of his deposition transcript.

The Motion is **GRANTED in part** and **OVERRULED** [**in**] **part** and Plaintiff is awarded $4200 as and for attorneys' fees and $2838.82 as and for litigation expenses.

( The court indicated in a footnote that $2838.82 represents the amount Keener sought in his motion less the $408.00 for the doctors' video and transcript.)

{¶ 6} Keener asserts one assignment of error herein as follows:

THE TRIAL COURT ERRED IN DENYING ALL OF THE COSTS OF PLAINTIFF'S OUT-OF-POCKET COSTS INCURRED IN CONNECTION WITH THE PREPARATION AND PRESENTATION OF HIS SUCCESSFUL APPEAL UNDER R.C. 4123.512.

{¶ 7} In *Bland v. Ryan*, 2d Dist. Montgomery No. 24826, 2012-Ohio-3176, this

Court noted that the "decision to grant or deny fees and costs under R.C. 4123.512(F) lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. * * *." *Id.*, ¶ 7. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.,* 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985)." *Feldmiller v.* Feldmiller, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7. "A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc.* [*v*]. *River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 553 N.E.2d 597 (1990)." *Id.*

{¶ 8} Keener asserts that "[c]ourts have interpreted the phrase 'cost of any legal proceedings' liberally in accordance with R.C. 4123.95." Keener asserts as follows (footnote omitted):

In [*Cave v. Conrad*, 94 Ohio St.3d 299, 2002-Ohio-793, 762 N.E.2d 991], the Ohio Supreme Court addressed an appeal from the Administrator of Workers' Compensation who contended that the trial court erred in awarding videotaped deposition expenses under 4123.512(F) in addition to the costs of stenographic transcription of the same depositions under 4123.512(D). The court held that reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers' compensation claimant pursuant to R.C. 4123.512(F). 94 Ohio St.3d at 303. The court noted the liberal construction of R.C. 4123.512(F) and specifically disagreed with the Appellant's argument that neither the Bureau of Workers' Compensation nor a self-insured employer should ever be

responsible for paying for both the videotaped deposition costs and stenographic deposition costs. *Id.* at 300.

In the instant case, the trial court ignored Supreme Court precedent in *Cave*, and instead relied on a Court of Appeals case that misconstrued the holding in *Cave*. In [*Robinson v. Conrad*, 2d Dist. Darke No. 1604, 2003-Ohio-2961], the court held that "because there is no law mandating reimbursement for both stenographic and videographic costs of depositions," the trial court did not abuse its discretion in refusing to allow both costs to be taxed as costs. * * *The court in *Robinson* relied on the 1997 case of [*George v. Admin., Ohio Bureau of Workers' Comp.*, 120 Ohio App.3d 106, 696 N.E.2d 1101 (2d Dist. 1997)] for the proposition that either stenographic or videographic expenses can be taxed as costs, but not both. * * *

The *Robinson* court attempted to distinguish *George* from *Cave* by claiming that the claimant in *Cave* had incurred expenses only for videotaping the depositions of two physicians. *Robinson*, 2003-Ohio-2961, at ¶ 20. In actuality, the court in *Cave*, pointed out that both lower courts allowed the prevailing party to recover videotaped deposition expenses **even though R.C. 4123.512(D) also required the bureau to pay appellee the costs of the stenographic transcription of the same depositions.** *Cave*, 94 Ohio St.3d at 300. * * * The reimbursement of the stenographic transcription costs under 4123.512(D) was not contested by the Administrator, and therefore not before the Supreme Court in *Cave*. *Id.*

Even though the issue before the Ohio Supreme Court in *Cave* was whether reasonable videotaped expenses were reimbursable under R.C. 4123.512(F), that does not mean that the claimant was not also entitled to stenographic transcription costs of the same physicians.

The court in *Robinson* also stated, "no where [sic] in *Cave* does the court hold that both stenographic and videographic expenses of depositions must be taxed as costs." *Robinson*, 2003-Ohio-2961 at ¶ 21. However, the Supreme Court in *Cave* plainly addressed the propriety of assessing "dual payments" for both videographic deposition costs and stenographic depositions costs. The court explicitly disagreed with Administrator's contention that neither the bureau nor a self-insured employer should ever be responsible for paying both videotaped deposition costs and stenographic deposition cost. *Cave*, 94 Ohio St.3d at 300. Underlying the Supreme Court's central holding in *Cave* – that reasonable videotaped depositions expenses may be awarded to a successful claimant under 4123.512(F) – was the understanding (acknowledged earlier in the decision) that the claimant was also entitled to stenographic deposition expenses of the same doctors under 4123.512(D).

The central holding in *Cave* was properly interpreted by the Third District in [*Carrigan v. Shaferly Excavating Ltd.*, 3d Dist. Seneca No. 13-11-08, 2011-Ohio-5587, ¶ 17], which held: "Accordingly, the Supreme Court determined that reasonable videotaped deposition expenses could be awarded to successful workers' compensation claimants as 'costs of any

legal proceedings' under R.C. 4123.512(F) and notwithstanding that the costs of the stenographic transcription of the same deposition are reimbursable under R.C. 4123.512(D)." * * *

The holding in *Carrigan* follows the Supreme Court's consistent construction of the term "cost of any legal proceedings" liberally in favor of employees. * * * It is also in line with recent case law out of the Second District Court of Appeals, which has adopted a broad interpretation of the phrase "cost of any proceedings" in R.C. 4123.512(F). Current Second District case law supports reimbursement of court filings, facsimiles, messenger services, postage, parking, and any other cost traditionally charged to clients that have a direct relation to a claimant's appeal. *Paris v. Dairy Mart-Lawson Co.*, 2d Dist. Montgomery No. 19871, 2003-Ohio-6673, *see also Bland v. Ryan*, 2nd Dist. Montgomery No. 24826, 2012-Ohio-3176.

There is an inherent reasonableness test when it comes to a trial court's determination of what costs were necessary to the presentation of the claimant's appeal. * * * In the present case, the trial court Order denying reimbursement of costs implies it was "unreasonable" for Mr. Keener to order both the stenographic and videographic deposition testimony of Dr. [d]e[C]aestecker. * * * In fact, Montgomery County Local Rule 1.27(B)(2) does not permit a video deposition to be presented at trial unless a written transcript of the deposition has also been filed with the court. Therefore, dual filing of stenographic and videographic deposition transcripts is not

only reasonable; it is required.

* * *

The unequivocal holding of *Cave* supports the reimbursement of Mr. Keener's reasonable videographic deposition expenses notwithstanding the previous award of the costs associated with obtaining the stenographic transcript of the deposition of Dr. [d]e[C]aestecker. The videographic deposition expense should be considered a "cost of any legal proceeding" under 4123.512(F) and taxed against the employer in this case. Similarly, Mr. Keener's cost in obtaining a copy [the] of stenographic deposition of * * * Dr. Vogelstein, is a reasonable and necessary cost of any legal proceeding under 4123.512(F).

The trial court's order denying reimbursement for Dr. Vogelstein's stenographic deposition notes that the original transcript was filed with the court, and, as such, the cost of obtaining a copy of the transcript was "merely for convenience and not born of necessity." * * * The trial judge may be under the mistaken impression that once a transcript was filed with the court all parties to the case have access to the document via the clerk's website. In fact, the electronic copy of the transcript remains locked even after it is filed with the court. Only the court and defense counsel have access to the transcript unless an additional copy is ordered from the court reporter. * * * Seeing as Dr. Vogelstein's deposition transcript is a cost of litigation that is traditionally charged to clients and had a direct relation to Mr. Keener's successful appeal, it should be reimbursed as a "cost of any

proceedings" pursuant to R.C. 4123.512(F).

{¶ 9} Finally, Keener asserts that "[f]ailing to reimburse for reasonable litigation expenses unfairly prejudices a claimant by forcing him to choose between dissipating his ultimate recovery in the claim or presenting a less persuasive case at trial."

{¶ 10} R.C. 4123.512(D) and (F) govern a claimant's recovery costs of an appeal. R.C. 4123.512(D) provides:

> * * * The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal.

{¶ 11} R.C. 4123.512 (F) provides:

> The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. * * *

{¶ 12} As noted by the Supreme Court of Ohio:

> R.C. 4123.512(F) applies to claimants who may rightfully participate in the fund but have been denied that right and have been forced to appeal. These claimants incur out-of-the-ordinary expense in order to establish their

right to participate, additional expense that other claimants do not incur. While just as worthy, their award becomes functionally less than other claimants with the same injury. R.C. 4123.512(F) serves to diminish that incongruity.

*Kilgore v. Chrysler Corp.*, 92 Ohio St.3d 184, 187, 749 N.E.2d 267 (2001).

{¶ 13} We begin our analysis with the Supreme Court's decision in *State ex rel. Williams v. Colasurd*, 71 Ohio St.3d 642, 646 N.E.2d 830 (1995). Therein, Ervin Williams' additional claim was disallowed by the Industrial Commission, he appealed to the court of common pleas, and after a jury trial, judgment was entered in favor of his employer. *Id.* Williams then filed a complaint in mandamus in the Court of Appeals of Franklin County seeking to compel in part the costs of the video deposition of Dr. Elmer and of the playback in court of Dr. Elmer's deposition. *Id.* at 643. The Supreme Court interpreted the precursor to R.C. 4123.512(D), namely R.C. 4123.519(C), which provided in part: " '* * * The cost of the deposition filed in court and of copies of the deposition for each party shall be paid for by the bureau of workers' compensation from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. * * *.' " *Id.*

{¶ 14} The Court concluded as follows:

Costs of the deposition are payable to a claimant regardless of litigation success. * * * At issue are the items that fall within the phrase "cost of the deposition." Claimant's position rests largely on the misperception that "expenses" and "costs" are synonymous. They are not. " '[C]osts' are

not synonymous with expenses unless expressly made so by statute." *Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201. * * *

   *Videotape testimony*

Dr. Elmer's deposition was preserved in both stenographic and videotape forms. Commission policy permits reimbursement for only one. The commission argues that reimbursement for both improperly imposes on the Surplus Fund. The appellate court agreed[.] * * *

   * * *

This result was also suggested in *State ex rel. Hakos v. Colasurd* (Dec. 28, 1993), Franklin App. No. 92AP-1151, unreported, at 5, 1993 WL 540288, where the court pointed out that "a claimant initially has the option of using a written deposition or videotape. The costs of one of these forms of deposition is reimbursable."

We recognize that the Court of Appeals for Lawrence County reached a different result in *Clark v. Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 153, 623 N.E.2d 640. However, given the principle that an expense is not a "cost" unless expressly made so by statute, we favor the reasoning employed by the Franklin County Court of Appeals; because former R.C. 4123.519(C) did not authorize payment for multiple forms of deposition testimony, reimbursement should not be permitted.

Claimant also argues that the liberal construction mandate of R.C. 4123.95 dictates dual payment. A liberal construction directive, however,

does not empower us to read into a statute something that cannot reasonably be implied from the statute's language. *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, paragraph two of the syllabus. Dual payment was, therefore, properly denied.

*Id.* at 643-44.

{¶ 15} Regarding the video playback in court, the Supreme Court determined as follows:

> *Video replay*
>
> This is not a recoverable "cost of the deposition" according to *Hakos, supra*:
>
> " * * * Since R.C. 4123.519 does not specifically mandate that the cost of playing a videotaped deposition be included as surplus fund payment for the cost of a deposition, this court cannot read into the statute additional wording or expand the scope of the statute beyond its literal meaning." *Id.* at 5.
>
> Further reinforcing this position is [*Gold v. Orr Felt Co.*, 21 Ohio App.3d 214, 487 N.E.2d 347 (2d Dist. 1985)[1]], which suggested that regardless of the character of litigation, videotape depositions are governed by C.P.Sup.R. 12(D). Section (D)(1) sets forth various expenses associated with videotape depositions and specifies by whom the costs are to be assumed. Section (D)(1)(c) provides that "[t]he expense of playing the videotape recording at trial shall be borne by the court." As such,

---

[1] *Gold* was a negligence action, and it did not involve a workers' compensation claim.

reimbursement to claimant is inappropriate.

*Id.* at 645-46.

{¶ 16} This Court subsequently considered *Colasurd,* as well as Montgomery County Local Rule 1.27, in *George v. Administrator, Ohio Bur. of Workers' Comp.*, 120 Ohio App.3d 106, 696 N.E.2d 1101 (2d Dist. 1997). The local rule provides: "The Court shall not accept or permit the audio/video version of the deposition transcript to be presented during trial or hearing unless a written transcript of the deposition has been filed in accordance with Subsection (A) of this Rule." Loc.R. 1.27(B)(2). This Court determined as follows:

> George argues that although an *unsuccessful* claimant who relies upon 4123.512(D) may recover only the videographic or stenographic costs of a videotaped deposition of a physician, but not both, a *successful* claimant may rely upon R.C. 4123.512(F), which provides for the recovery of costs generally, and recover both the videographic and stenographic costs of the videotaped deposition. We disagree. Based upon our reading of *Colasurd,* we conclude that the recovery of the costs of taking a videotaped deposition of a physician is a special case covered specifically by R.C. 4123.512(D). The more general statutory provision, R.C. 4123.512(F) does not control the recovery of the costs of taking a videotaped deposition of a physician.

> George also argues that because he is required by Montgomery County Loc.R. 1.27(1) to file a written transcript within a videotaped deposition, he should be permitted to recover both his stenographic and

videographic expenses. This presents a close question, since there is no indication that the claimant in *Colasurd* was subject to a similar local rule of court.

However, as the Supreme Court held in *Colasurd,* " ' "costs" are not synonymous with expenses unless expressly made so by statute.' " 71 Ohio St.3d at 643, 646 N.E.2d at 83, quoting *Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201. Thus, the mere fact that the costs of preparing a transcript was an expense required by local rule does not necessarily mean that it is a "cost" that may be recovered under the statute.

Furthermore, George was not required to submit a videotaped deposition. He could have offered the transcript of the deposition. We recognize that the testimony of experts, especially in fields as complex as medicine, is often far more comprehensible and effective when it is presented live or in a videotaped format. Our own experience confirms that this is so. However, George was not legally required to offer the testimony of his doctor in a videotaped format, and, as the Supreme Court held in *Colasurd,* not every expense, no matter how reasonably incurred, is a recoverable cost under the statute.

Although the issue is close, we agree with the administrator that George may recover either the stenographic expense or his physician's deposition, or the videographic expense, but not both.

*George* at 108-09.

{¶ 17}    In *Cave*, 94 Ohio St.3d 299, the Supreme Court of Ohio held at syllabus that "[p]ursuant to R.C. 4123.512(F), reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful worker's compensation claimant in an action brought pursuant to R.C. 4123.512."    In *Cave*, Yolanda Cave sought to add an additional condition to her initial claim, and the Industrial Commission denied the additional condition.    *Id.* at 299.    Cave appealed to the Pike County Court of Common Pleas, and at the jury trial she presented the videotaped deposition testimony of her two expert witnesses.    *Id.*    The jury returned a verdict in favor of Cave.    *Id.*    Cave filed a motion to tax as costs certain expenses for videotaping her experts, and after a hearing, "the trial court ordered the videotaped deposition expenses to be paid by the bureau as 'costs of legal proceedings' pursuant to R.C. 4123.512(F)." *Id.*

{¶ 18} The "Administrator of Workers' Compensation * * * filed an appeal to the Pike County Court of Appeals," and the only issue "was in regard to the trial court's order awarding appellee the expenses of the videotaping."    *Id.* at 300.    The *Cave* Court noted that both "the trial court and the court of appeals held that R.C. 4123.512(F) entitled appellee as the prevailing party to recover from the bureau the videotaped deposition expenses as the 'cost of any legal proceeding.' " *Id.*    The Supreme Court of Ohio further noted that both "courts arrived at this conclusion even though R.C. 4123.512(D) also required the bureau to pay appellee the costs of stenographic transcription of the same depositions." *Id.*    The Court noted that "Appellant contends that neither the bureau nor a self-insured employer should ever be responsible for paying" both videotaped deposition costs and stenographic deposition costs, and the Court disagreed.    *Id.*

{¶ 19} The *Cave* Court, after reciting the language of R.C. 4123.512(D), noted as

follows:

> In *Akers v. Serv-A-Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, the court interpreted paragraph six of former R.C. 4123.519, the substantively identical precursor to R.C. 4123.512(D), as providing that "[t]he stenographic and reproduction costs of depositions are to be paid from the Industrial Commission surplus fund under the 'cost of the deposition' provision * * * whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act." *Id.* at syllabus; for former R.C. 4123.519, see 137 Ohio Laws, Part II, 3940. The court determined that stenographic and reproduction costs of depositions are borne by the surplus fund in the first instance and that, under this section, reimbursement of the surplus fund is conditioned on claimant's right to participate in the fund being established or sustained on appeal. In that event, the stenographic and reproduction deposition costs are to be charged against the nonprevailing party, either the self-insured employer or the Industrial Commission. *Id.* at 79-80, 31 OBR at 192, 508 N.E.2d at 965-966. Thus, according to former R.C. 4123.519 and current R.C. 4123.512(D), a claimant never bears responsibility for stenographic deposition costs, regardless of the outcome of his or her claim.

*Id.* at 300-301.

{¶ 20} After reviewing the language of R.C. 4123.512(F), the *Cave* Court noted as follows:

> This court has on prior occasions concluded that the phrase "cost of

any legal proceedings" in R.C. 4123.512(F) is considerably broader in scope than the phrase "cost of the deposition" in R.C. 4123.512(D). In interpreting this section, this court has consistently adhered to the mandate of R.C. 4123.95 to construe workers' compensation laws liberally in favor of employees and the dependents of deceased employees. For instance, in *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, the court held that an expert witness's fee for preparing for and giving a deposition was reimbursable under the predecessor section to R.C. 4123.512(F), R.C. 4123.519. Additionally, we recently held that "an attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable 'cost of any legal proceedings' under R.C. 4123.512(F)." *Kilgore v. Chrysler Corp.* (2001), 92 Ohio St.3d 184, 749 N.E.2d 267, syllabus.

Central to the court's dispositions in *Moore* and *Kilgore* was the rationale that statutes providing for reimbursement of costs to successful claimants in workers' compensation appeals are "designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund." *Moore,* 18 Ohio St.3d at 261-262, 18 OBR at 316, 480 N.E.2d at 1103. Accordingly, in enacting statutes such as R.C. 4123.512(F), the General Assembly "has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to R.C. 4123.519," the predecessor of R.C. 4123.512. *Id.* at

262, 18 OBR at 317, 480 N.E.2d at 1103; see, also, *Kilgore*, 92 Ohio St.3d at 186, 749 N.E.2d at 271. We see no reason to retreat from that reasoning now.

*Id.* at 301.

{¶ 21} The Court next addressed the Administrator's argument that "costs taxable to the nonprevailing party are allowed only by authority of statute," and that pursuant to *Williamson v. Ameritech Corp.* 81 Ohio St.3d 342, 691 N.E.2d 288 (1998), "there is no statute allowing deposition expenses to be taxed and included in the judgment." *Id.* The Court concluded as follows (footnotes omitted):

It is true that "[t]his court has consistently limited the categories of expenses which qualify as 'costs.' " *Centennial Ins. Co. v. Liberty Mutual Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926. "Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus. "The subject of costs is one entirely of statutory allowance and control." *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666, principle reaffirmed *Centennial Ins. Co. v. Liberty Mut. Ins. Co.*, 69 Ohio St.2d at 51, 23 O.O.3d at 89, 430 N.E.2d at 926, and quoted in *Vance v. Roedesheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.

Notwithstanding, we find this argument of appellant not to be well

taken. What appellant fails to recognize is that a distinct difference exists between civil cases in general and those involving workers' compensation claims. The court noted in *Moore* that compared to a tort action where more than mere economic losses may be sought, "[u]nder the terms of participation in the State Insurance Fund, a claimant may recover relatively modest amounts." *Moore,* 18 Ohio St.3d at 262, 18 OBR at 316, 480 N.E.2d at 1103. Thus, because a workers' compensation claim is confined to recovery of only part of a claimant's economic loses, and "costs" are expressly provided for in R.C. 4123.512, "the traditional dichotomy between 'costs' and 'expenses' in civil cases * * * is not directly applicable in the workers' compensation area." *Kilgore,* 92 Ohio St.3d at 187, 749 N.E.2d at 271.

Moreover, the Ohio Rules of Superintendence have made videotaped deposition costs an exception to the long-standing principle that costs are allowed solely by statutory authority. We have previously recognized that videotaped depositions are governed by the Ohio Rules of Superintendence. *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 645-646, 646 N.E.2d 830, 833, citing *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 216, 21 OBR 228, 231, 487 N.E.2d 347, 349. In *Williams,* the court found that former C.P.Sup.R. 12(D)(1) allowed for various expenses associated with videotaped depositions and specified "by whom the costs are to be assumed." *Id.* at 645, 646 N.E.2d at 833; see 59 Ohio St.2d xxxvii for former C.P.Sup.R. 12. Similar provisions are now

in Sup.R. 13, which provides, "The reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54." Sup.R. 13(D)(2).

Furthermore, in *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218, the court held, "The expense of videotape depositions *not used as evidence at trial* is to be borne by the party taking such depositions and not taxed as costs in the action." (Emphasis added.) *Id.* at syllabus. See, also, *Fairchild v. Lake Shore Elec. Ry. Co.* (1920), 101 Ohio St. 261, 128 N.E. 168, paragraph three of the syllabus ("Either party may take depositions while error proceedings are pending in a reviewing court to reverse the judgment of the trial court. If such depositions are not used, the expense of taking them cannot be taxed in the costs of the case."). In *Barrett,* the court noted that "the judicial decisions prior to the adoption of the Ohio Rules of Superintendence reveal that the expense of depositions taken *de bene esse* is to be taxed as costs only if the depositions were used at trial, *unless* there are overriding considerations." (Emphasis *sic.*) *Id.* at 9, 14 O.O.3d at 123, 396 N.E.2d at 219.

The videography expenses now in dispute concern the videographer's attendance and the cost of the videotape. The trial court was correct to tax costs of the videotaped deposition against the bureau. Sup.R.

13(D)(1) does provide, however, that "[t]he expense of videotape as a material shall be borne by the proponent." Thus, the trial court erred in including in the award the cost of the videotape as a material.

Accordingly, we hold that pursuant to R.C. 4123.512(F), reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers' compensation claimant in an action brought pursuant to R.C. 4123.512. Thus, the judgment of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Id*. at 302-303.

**{¶ 22}** As noted above, Keener asserts that this Court "misconstrued the holding in *Cave*" in *Robinson v. Conrad*, 2d Dist. Darke No. 1604, 2003-Ohio-2961. Therein, after his successful pursuit of a workers' compensation claim, William J. Robinson appealed from the decision of the trial court denying his motion for reconsideration of the assessment of "stenographic and video deposition costs of his expert witness, Dr. Douglas Gordon, reimbursement for the expert fee associated with his deposition, and the transcription costs from the deposition of Whirlpool's expert Dr. Koeppenhoeffer." *Id*., ¶ 7. In his memorandum in support of costs, Robinson "asserted that the expert witness fee for preparing and giving a deposition is reimbursable and that the stenographic and reproduction deposition costs are to be charged against the non-prevailing party." *Id*. Further, "Robinson relied on *Cave* * * * in asserting that videotaped deposition expenses are also to be taxed against the non-prevailing party." *Id*. Whirlpool in response relied upon *George*, asserting "that either stenographic or videographic expenses can be taxed

as costs, but not both." *Robinson*, ¶ 8.   The trial court ordered Whirlpool to pay the costs of either the videographic or stenographic costs.   *Id.*, ¶ 9.

{¶ 23} In overruling Robinson's motion for reconsideration, the "trial court stated that under *Cave*, * * * it was not required to tax both stenographic and videographic expenses as costs.   The entry also denied Robinson's request to tax the costs of Dr. Gordon's fee and Robinson's request for reimbursement of the stenographic costs from Dr. Koeppenhoeffer's deposition."   *Id.*

{¶ 24}  Robinson's assigned error on appeal was as follows: "The trial court committed prejudicial error and abused its discretion by refusing to assess costs against the non-prevailing party in a workers' compensation case as mandated by Ohio Revised Code § 4123.512 and authorized by Supreme Court authority." *Id.*, ¶ 11.   Robinson asserted that *Cave* overruled *George*.   *Id.*, ¶ 12.

{¶ 25} After reviewing R.C. 4123.512(D) and (F), this Court noted that "[n]ot every expense is a recoverable cost under R.C. 4123.512(D). * * * Instead, ' "costs" are not synonymous with expenses unless expressly made so by statute.' "   *Id.*, ¶ 18, citing *Colasurd.*   After reviewing this Court's holding in *George*, this Court held as follows regarding the videotaped deposition:

> Just recently, in *Cave,* supra, the Ohio [S]upreme [C]ourt reviewed a
> trial court's taxing as costs certain expenses for videotaping the depositions
> of expert medical witnesses. Unlike *George,* where the claimant had
> incurred stenographic and videographic expenses from the deposition,
> Cave had incurred expenses only for videotaping the depositions of two
> physicians. The court found that reasonable deposition expenses "may be"

taxed as costs and awarded to a claimant.

We do not find that the decision in *Cave* overrules what we stated in *George,* as no where in *Cave* does the court hold that both stenographic and videographic expenses of depositions must be taxed as costs.

In this case, as in *George,* Robinson is seeking reimbursement for stenographic and videographic expenses associated with the deposition of Dr. Gordon. As in *George,* Robinson was not required to incur both stenographic and videographic costs for the deposition of Dr. Gordon. Contrary to what Robinson would like to believe, this is not a situation similar to that in *Cave* where the claimant is seeking reimbursement for videographic expenses only. Because there is no law mandating reimbursement for both stenographic and videographic costs of depositions, we must overrule Robinson's claims. As such, we find that the trial court did not abuse its discretion in finding that either the stenographic or the videographic expenses could be taxed as costs, but not both.

*Id.*, ¶ 20-22.

{¶ 26} Regarding the stenographic deposition expenses of Whirlpool's expert, Dr. Koeppenhoeffer, this Court concluded as follows:

As the trial court noted: "While it may be wise for Plaintiff's counsel to review the deposition and to have a copy available for trial preparation purposes, this was a perpetuation deposition of a defense witness. The Court finds that Plaintiff was not required to obtain a copy of the deposition since the original was to be filed. Dr. Koppenhoeffer was the Defendant's

doctor in this matter and the Defendants {sic} should be responsible to pay only for necessary costs; the cost of a copy for the convenience of Plaintiff's counsel is not a necessary expense. The Court does not find any reason to tax as costs the stenographic deposition expense for a copy to be made available for Plaintiff's counsel's use."

We find no abuse of discretion in the trial court's reasoning. The cost incurred was for the convenience of Robinson and was not a necessary expense. We must therefore overrule Robinson's claim.

*Id.*, ¶ 24-25.

**{¶ 27}** Finally, regarding the costs of Robinson's expert, Dr. Gordon, this Court noted that the "trial court discretionarily denied Robinson's request, stating that Robinson twice requested reimbursement of these fees and twice had failed to provide a copy of the fees statement involved.   Based upon the lack of facts to make a decision, the trial court overruled his request."     *Id.*, ¶ 26.   This Court determined as follows:

R.C. 4123.512(D) authorizes payment of deposition expenses incurred by a claimant to secure the testimony of a physician. The claimant is entitled to reimbursement whether she is successful or unsuccessful in prosecuting her appeal. *Akers v. Serv-A-Portion, Inc.* (1987), 31 Ohio St.3d 78, 508 N.E.2d 964; *Sturgill v. Elder Beerman, Corp.,* Greene App. No. 02CA0062, [2003-Ohio-52], ¶ 8. R.C. 4123.512(F) authorizes a trial court to tax the fee and travel expenses charged by an expert witness as a cost that is then awarded to a successful claimant. *Sturgill,* supra, at ¶ 11, citing *Kilgore v. Chrysler Corp.,* 92 Ohio St.3d 184, [2001-Ohio-166]*,* 749

N.E.2d 267. R.C. 4123.513(F) was enacted to " 'minimize the actual expenses incurred by an injured employee who establishes his or her right to participate in the fund .' " *Id.* at ¶ 12, 749 N.E.2d 267, quoting *Moore v. General Motors Corp.* (1985), 18 Ohio St.3d 259, 261-262, 480 N.E.2d 1101.

As we stated in *Sturgill,* supra, at ¶ 14, "the cost of 'live testimony' by an expert witness, including fees and travel expenses * * *, may be taxed as costs pursuant to R.C. 4123.512(F), upon motion properly presented. The trial court may nevertheless decline to order payment of any part of such costs which it finds unreasonable. The burden to show unreasonableness is on the employer or commission against which the cost would be taxed."

We cannot find that the trial court abused its discretion in failing to award those expenses as costs, as Robinson failed to properly present his motion and provide the necessary facts to the trial court upon which it could base its decision. Accordingly, we overrule this argument.

Based upon the foregoing discussion, we overrule Robinson's assignment of error.

*Robinson* at ¶s 27-30.

**{¶ 28}** In *Paris v. Dairy Mart-Lawson Co.*, 2d Dist. Montgomery No. 19871, 2003-Ohio-6673, which was decided six months after *Robinson*, and upon which Keener relies, Dairy Mart asserted that the "trial court improperly awarded Paris $3,984.91 in litigation expenses, pursuant to *Kilgore v. Chrysler Corp.*, 92 Ohio St.3d 184, 749 N.E.2d

267, [2001-Ohio-166]," and that "only $1,482.50 of those expenses were properly awarded under R.C. 423.512(F)." *Paris*, ¶ 30. Dairy Mart argued that *Kilgore* "does not support an award for all costs of litigation and that most of the costs and expenses requested by Paris were simply ordinary costs associated with the practice of law * * *." *Id.*

{¶ 29} This Court determined in part as follows:

In the present case, the trial court held that Paris' request for reimbursement of the costs of court filings, investigative services, reporting services, travel expenses, photocopies, trial exhibits, witness fees, facsimiles, and Federal Express messenger service were costs that are traditionally charged to clients and that have a direct relation to the claimant's appeal. The trial court concluded that Paris' expenses were reasonable costs of litigation, which were recoverable under R.C. 4123.512(F). We agree. Each of the claimed expenses were incurred in connection with the appeal of Paris' workers' compensation claim. They were not "ordinary overhead costs and expenses associated with the practice of law," as Dairy Mart contends.

We are mindful that *Moore, Kilgore* and *Cave* each concerned expenses incurred in the deposition of a medical expert witness. See, also, *Schuller v. U.S. Steel Corp.,* Trumbull App. No. 2002-T-0165, [2003-Ohio-4870] (interpreting *Kilgore* narrowly). Although the disputed expenses in the instant case do not concern the deposition of Paris' medical expert, the principles set forth in *Moore, Kilgore* and *Cave* are applicable beyond

the deposition process and the [S]upreme [C]ourt has not limited those principles to that factual circumstance. Nor have we done so. In *Kilgore v. Chrysler Corporation* (Feb. 4, 2000), Montgomery App. Nos. 17906, 17915, *affirmed,* 92 Ohio St.3d 184, 749 N.E.2d 267, we disapproved of *Andrews v. Sajar Plastics, Inc.* (1994), 98 Ohio App.3d 61, 647 N.E.2d 854, which held that "other fees" such as postage, photocopies, Airborne Express, travel expenses, and the expert's fee for trial attendance, all of which pertained to the preparation for and presentation of the expert's trial testimony, were not recoverable. We concluded that the ruling in *Andrews* failed to apply the statutory requirement of a liberal construction in favor of employees in the workers' compensation context and disregarded the [S]upreme [C]ourt's observation that successful claimants are entitled to recover significantly greater costs than would be so in ordinary litigation. Based on the foregoing, we conclude that the trial court properly held that all of Paris' claimed litigation expenses were recoverable under R.C. 4123.512(F).

*Paris*, ¶ 34-35.

{¶ 30} In *Schuller v. United States Steel Corp.,* 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, the Supreme Court accepted a certified conflict issue for review, i.e., " '[w]hether an expert's witness fee for live in-court testimony is a reimbursable cost of legal proceedings pursuant to R.C. 4123.512(F).' " *Id.*, ¶ 4. The Ohio Supreme Court determined that the "testimony of a medical expert is vital to a workers' compensation claimant's being able to prove that his or her injuries meet the requirements for

participation in the Workers' Compensation Fund." *Id.*, ¶ 13. The Supreme Court concluded that, "[t]hus, we find that a fee for a witness whose testimony is integral to the claimant's case and is directly related to his or her appeal is a reimbursable expense under R.C. 4123.512(F)." *Id.*

{¶ 31} Finally, in *Bland v. Ryan*, 2d Dist. Montgomery No. 24826, 2012-Ohio-3176, this Court determined that Eugene Bland's "expenses for photocopies, postage, meals and parking are costs traditionally charged to clients and have a direct relation to her appeal," and are therefore reimbursable under R.C. 4123.512(F), and this Court further found "*Paris* controlling on this issue." *Id.*, ¶1, 13. This Court determined as follows:

> In essence, our reading of *Kilgore, Schuller* [103 Ohio St.3d 157] and *Paris* reveals a three pronged analysis for deciding reimbursement issues under R.C. 4123.512(F). First, the court must determine whether the expense is of the type or category for which reimbursement is authorized, i.e. things lawyers traditionally charge to clients like travel expenses (*Kilgore*), expert witness fees (*Schuller*)[,] photocopies, facsimiles, investigative service, court filings, etc. (*Paris*), as opposed to overhead, e.g. utilities, equipment leases, legal subscriptions and office supplies, which are not. Next, the court must determine whether those allowable categories of costs were actually and directly related to the claimant's appeal, i.e. whether they were reasonably necessary for the effective presentation of the claim. Finally, the court must decide whether the amount requested for allowable and directly related expenses was reasonable. *Schuller* at ¶ 13.

*Bland*, ¶ 14.

{¶ 32} Regarding the $205.00 cost of the video deposition of Dr. deCaestecker, we conclude that the trial court abused its discretion in denying Keener's motion for the cost of the deposition, since the cost is not an overhead expense, it is reasonably necessary to present Keener's claim, and the amount requested is reasonable. We note that Civ.R. 54(D) provides: "Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." Sup. R. 13(D)(2) provides: "The reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial * * * shall be allocated as costs in the proceeding in accordance with Civil Rule 54."

{¶ 33} Further, we agree with Keener that the Third District in *Carrigan v. Shaferly Excavating Ltd.* correctly summarized the holding in *Cave*, namely that " 'reasonable videotaped deposition expenses could be awarded to a successful workers' compensation claimant as 'cost[s] of any legal proceedings' under R.C. 4123.512(F) and notwithstanding that the costs of the stenographic transcription of the same deposition are reimbursable under R.C. 4123.512(D)." *Carrigan,* ¶ 17. Awarding Keener the cost of the video deposition is in keeping with the mandate to construe workers' compensation laws liberally in favor of employees and the dependents of deceased employees. Awarding the cost to Keener is further mindful of the distinction between civil cases in general and workers' compensation claims, and the General Assembly's intent that a claimant's recovery not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to R.C. 4123.512. Finally, awarding the cost of the video deposition is consistent with our broad interpretation of R.C. 4132.512(F) in *Paris*, and the Ohio Supreme Court's recognition in *Schuller* of the

vitality of expert medical testimony to a workers' compensation claimant.

{¶ 34} Regarding the $203.00 cost of a certified copy of Dr. Vogelstein's deposition transcript, we conclude that such an expense was not necessary or reasonable. The record before us reflects that Vogelstein's deposition was taken on January 19, 2017, and it was filed on February 2, 2017. The jury was empaneled and the verdict was rendered on February 14, 2017. We note, as Northmont asserts, that the Montgomery County Clerk of Court's website identifies certain copies of court documents that the clerk provides upon request. According to the website, regular copies are available at a cost of $.10 per page, and certified copies, which are "copies that are signed by a Deputy Clerk and verified to be true and accurate copies of the original," are available for $1.00 per page. *See* www. clerk. co. montgomery. oh. us/pro/Copies RequestInfo .pdf. (accessed September 5, 2017). The text of Dr. Vogelstein's deposition is 55 pages in length, and the $55.00 cost of certified copies of each page is far less than the cost of $203.00 sought by Keener.

{¶ 35} Based upon the foregoing, the judgment of the trial court is affirmed in part and reversed in part. The judgment of the trial court denying Keener the cost of Vogelstein's deposition is affirmed. The trial court's judgment denying Keener the cost of deCaestecker's video deposition is reversed, and the matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Gary D. Plunkett
David C. Korte
Michelle D. Bach
Joshua R. Lounsbury
Hon. Steven K. Dankof